JAMES R. O'BEIRNE, on Behalf of Himself and All Other Bondholders of the Allegheny and Kinzua Railroad Company, Respondent, *v.* SPENCER S. BULLIS and MILLS W. BARSE, Appellants. Impleaded with the ALLEGHENY AND KINZUA RAILROAD COMPANY.

1. LIABILITY OF INDIVIDUALS TO RAILROAD BONDHOLDERS FOR ADDITIONAL MORTGAGE SECURITY. The facts that individuals owning and controlling certain railroads devised a fraudulent scheme of consolidation, and issued bonds of the consolidated company upon false representations as to timber lands to be furnished as added security under the mortgage to make the bonds secure and valuable, render them, as well as the corporation constituting the instrumentality employed by them, liable for relief to the bondholders.

2. DETERMINATION OF MODE OF TRIAL. The mode of trial of an action is to be determined primarily by the cause of action set up in the complaint.

3. DENIAL OF JURY TRIAL IN ACTION FOR SPECIFIC PERFORMANCE, WHERE SUBSTITUTE FOR PERFORMANCE IS DEMANDED IN CASE OF INABILITY TO PERFORM. It is not error for the trial court to deny a motion for a jury trial, made by the defendant at the commencement of a trial by the court and before any proof has been given, where the complaint alleges a cause of action for the specific performance of a contract, but the relief demanded is not only specific performance but a money substitute therefor in case the defendant cannot specifically perform, and the answer fails to allege any inability to perform or that the plaintiff has an adequate remedy at law.

*O'Beirne* v. *Bullis*, 2 App. Div. 545; 4 App. Div. 614, affirmed.

(Argued January 17, 1899; decided February 28, 1899; motion for reargument submitted March 20, 1899; denied March 24, 1899.)

APPEAL by the defendants, Bullis and Barse, from an order and judgment of the Appellate Division of the Supreme Court in the first judicial department, entered, respectively, May 13 and 14, 1896, denying a motion for a new trial on exceptions and affirming the judgment of the Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion. See, also, report of the case upon a former appeal by the defendant corporation, 151 N. Y. 372.

*Adelbert Moot, W. W. Cook, George L. Roberts* and *Frank Rumsey* for appellant Barse. The court erred in refusing the defendants the jury trial which they demanded at the beginning of the trial. (*Davis* v. *Morris*, 36 N. Y. 569; *People* v. *A. & S. R. R. Co.*, 57 N. Y. 161; *Davison* v. *Associates, etc.*, 71 N. Y. 333; *Wheelock* v. *Lee*, 74 N. Y. 495; *Bradley* v. *Aldrich*, 40 N. Y. 504; *Sternberger* v. *McGovern*, 56 N. Y. 12; *Haffey* v. *Lynch*, 143 N. Y. 241.)

*John G. Milburn, Chas. S. Cary, William H. Henderson* and *Frank Rumsey* for appellant Bullis. On the face of the contracts and the complaint it appeared that the equitable remedy of specific performance was never available so far as the timber lands were concerned, and that, therefore, the only question was: Did the complaint state a legal cause of action for damages because of the fraudulent acts as to the timber lands? If it did, then the action was one at law, triable by a jury in the first instance, whether there were associated with that cause of action equitable causes of action as to other matters or not. (*Davis* v. *Morris*, 36 N. Y. 569; *People* v. *A. & S. R. R. Co.*, 57 N. Y. 161; *Wheelock* v. *Lee*, 74 N. Y. 495.)

*Adrian H. Joline, Frank Sullivan Smith, Hamilton Odell* and *C. Walter Artz* for respondent. The Special Term properly denied the motion of the defendants Bullis and Barse for a trial by jury. (*Wiswall* v. *McGowan*, Hoff. Ch. 125; *Morss* v. *Elmendorf*, 11 Paige, 277; *Dudley* v. *Congregation, etc.*, 138 N. Y. 460; *Wheelock* v. *Lee*, 74 N. Y. 495; *Van Rensselaer* v. *Van Rensselaer*, 113 N. Y. 207; *Dunnell* v. *Keteltas*, 16 Abb. Pr. 205; *Watson* v. *M. R. Co.*, 21 J. & S. 137; *Clark* v. *Blumenthal*, 9 Civ. Pro. Rep. 40; *Murtha* v. *Curley*, 90 N. Y. 372.)

*Per Curiam.* When this case was here upon a former appeal by the defendant corporation (151 N. Y. 372), the court practically passed upon all the material questions relating to the right of the plaintiff to maintain the action and of the trial court to award to the bondholders the relief to which they were entitled. The right to maintain the action and the right of recovery as established by the decision of the court upon that appeal were based upon substantially the same facts as exist in this case, and consisted chiefly of the agreements, representations and fraudulent conduct of the present appellants. While it was then said that we were not required to pass upon the liability of the present appellants, still, it is manifest that that decision necessarily, although perhaps indirectly, involved the question of their liability. The theory upon which the decision proceeded was that they devised a fraudulent scheme for the consolidation of certain railroads owned and controlled by them, issued bonds upon false representations as to the timber lands to be furnished as added security under the mortgage to make the bonds secure and salable, that upon those facts the court would have been justified in granting relief to the plaintiff against them, and that the corporation having been the instrumentality employed by them, was also liable. Thus it was that the liability of the appellants was involved in that decision. We adhere to the principle of our decision upon that appeal.

After examining the voluminous record in this case and the exhaustive and interesting briefs of counsel, we are of the opinion that the findings of the court, sustained by the evidence, justified it in awarding the judgment appealed from, and that no new or further discussion of the question of the defendants' liability or the plaintiff's right to maintain the action is necessary at this time. Therefore, the only question we deem it essential to discusss is one relating to procedure or the mode of trial.

On the trial, after the appellants had moved to dismiss the complaint and the motion had been denied, one of the counsel for the defendants said: "We would make a formal

demand for a trial by jury." That motion was denied, and the defendants excepted. They now challenge the correctness of the ruling, and insist that it requires a reversal of the judgment. It is quite obvious that at the time the motion was made the court would not have been justified in granting the defendants' application. Indeed, the manner and the language employed would naturally induce a court to conclude that the motion was not with an idea that it would be granted at that stage of the trial. It seems to have been made only as a matter of form, and not as a matter of substance, or as the assertion of a substantial right. At that time no proof had been given, and the only means the court had of determining the question as to the mode of trial was by reference to the pleadings. The mode of trial was to be determined by the cause of action set up in the complaint. (*Untermyer* v. *Beinhauer*, 105 N. Y. 521.) The complaint alleged a cause of action for the specific performance of a contract. Such a suit was properly triable before the court without a jury. Nothing had then appeared to disclose the propriety of a trial in any other manner. The relief demanded was not only specific performance, but also that the appellants be required to pay to the trustee for the security of the bondholders an amount equal to the value of the lands which they had agreed to convey. In other words, the relief demanded in effect was that the defendants should be required to furnish to the trustee substituted security for the payment of the bonds if they could not specifically perform their contract. The answer failed to allege any inability on the part of the defendants to specifically perform. Nor was it alleged that the plaintiff had an adequate remedy at law. This being the condition of the case when the motion for a jury trial was made, it is manifest that the court was not required and probably would not have been justified in granting the motion at that time. If a motion had been made after the proof disclosed that the defendants were unable to specifically perform, another question would have been presented, which need not be decided at this time. But no such subsequent motion was made. We

think it is clear that the defendants were not entitled to an order directing the issues between the parties to be tried by a jury at the time and upon the application made, and that the court committed no error in refusing to grant the defendants' motion. We find no other questions which would justify a reversal or that need be specially discussed.

The judgment and order should be affirmed, with costs.

All concur.

Judgment and order affirmed.