(40 Misc. Rep. 251.)

LEE v. LEE.

(Supreme Court, Trial Term, Fulton County. March, 1903.)

**1. SPECIFIC PERFORMANCE—ILLEGALITY OF CONTRACT.**

Plaintiff sued for specific performance of a contract for reconveyance of real estate which he had conveyed to defendant on the termination of the proceeding to determine his competency to care for himself and his property. Defendant denied generally, and set up title in herself as the purchaser for value. *Held* that, after verdict for plaintiff, she cannot move to set it aside on the ground that the contract was illegal because entered into by both parties to thwart the court in lunacy proceedings.

**2. SAME—PLEADING.**

In an action for specific performance of a contract, its illegality is not issuable under a general denial, unless it appears on the face of the complaint, or necessarily from plaintiff's evidence.

Action by George W. Lee against Emma Lee. Verdict for plaintiff. Motion to set aside the verdict denied, and judgment entered for plaintiff.

Frank B. Towman and A. J. Nellis, for motion.
J. Keck and Emmet Blair, opposed.

SPENCER, J. The action was brought by the plaintiff for the specific performance of a trust agreement which he asserts was made between himself and the defendant, at the time he conveyed to her certain real estate, whereby she was to reconvey the same upon the termination of proceedings then instituted, or about to be instituted, in this court, to determine his competency to care for himself and his property. The answer, in effect, is a general denial; the defendant asserting, in addition thereto, that she holds title to the property by absolute conveyance, and not in trust. The cause was brought on for trial before the court and a jury, and, although trial by jury was not a matter of right, it was decided to submit the disputed questions of fact therein to the jury for their determination. Code Civ. Proc. §§ 968, 969, 971; O'Beirne v. Bullis, 158 N. Y. 466, 53 N. E. 211.

At the close of the plaintiff's case, the defendant moved for nonsuit on the grounds that the facts proven were insufficient to constitute a cause of action, and that the trust alleged had not been executed in writing. The trial judge, in denying the motion, stated that, in his

then view of the case, there was a question of fact for the jury, and that he would leave the questions of law to be afterwards determined by the court. · Thereupon the defendant gave proof in contradiction of the plaintiff's claim, and in support of her own contention that the conveyance was an absolute one.

Upon all the evidence, the court submitted to the jury the sole question whether the deed delivered by the plaintiff to· the defendant was so delivered in pursuance of an oral agreement by the defendant that she would reconvey the property to the plaintiff upon the termination of the lunacy proceedings. Neither party requested to go to the jury upon any other question of fact. The jury rendered a verdict to the effect that the deed was delivered in pursuance of such agreement. Thereupon the defendant moved to set the verdict aside and to dismiss the action upon the ground that it appeared from the testimony that the contract found by the jury was entered into by the parties with the intent and purpose of obstructing public justice, and to thwart this court in the lunacy proceedings, and was therefore illegal, as against public policy. No such claim had been made by the defendant at any prior stage of the case. The question at once arises whether the defendant is in a position to avail herself of the illegality of the contract in case the same be so regarded. The rule seems to be well established that under a general denial the defendant may not take advantage of the illegality of the contract upon which the action is brought, unless such illegality appears either upon the face of the complaint, or necessarily appears from the plaintiff's evidence. Milbank v. Jones, 127 N. Y. 370, 28 N. E. 31, 24 Am. St. Rep. 454; Honegger v. Wettstein, 13 Abb. N. C. 393; Id., 94 N. Y. 252. The complaint in this action, by reciting the various facts in relation to the institution of the lunacy proceedings, drifts very close to the line of danger; but it contains no specific allegation that the conveyance of the property to the defendant, and the trust therewith created, was for the purpose of keeping the property from the control of any committee which might be appointed by this court. Nor is there any allegation that the defendant agreed to hold said property for any such purpose. Read as a whole, the allegations of the complaint are as consistent with innocence as guilt. An illegal purpose will not be implied. The illegality of the transaction does not, therefore, appear upon the face of the complaint. Nor do I think the illegality of the contract necessarily appears from the plaintiff's evidence. The strongest language employed by him is as follows:

"She said they could take my property out of my hands and put it in the hands of a commission, and I would have to take whatever they were a mind to give me; I could not have any control of .it. I did not want it that way. I thought I could take care of it myself."

But he nowhere says that the defendant agreed to withhold the property from a committee in case one were appointed, or that either of them understood that the transaction into which they entered was for that purpose.

Where the rights of a defendant, if she prevails, must depend for support upon her own corrupt or illegal purpose, she should, on the trial, be required to put forward that purpose in clear and

distinct terms at the first opportunity. She may not remain silent, or, as in this case, assert her own and the plaintiff's integrity of purpose, and then, after a finding has been made in harmony with her contention in that regard, but not to her satisfaction as to other matters, be permitted to avail herself of a defense based upon the theory of her own illegal purpose in respect to the matter so found. The defendant permitted the sole disputed question in the case to be submitted to the jury, without making claim that either she or the plaintiff in entering into the contract was actuated by any dishonorable, illegal, or immoral purpose; and, the jury having found that the contract contended for by the plaintiff was the contract made, she should not now be permitted to claim that such contract is void because of her own illegal purpose in entering into the same. But be that as it may, the facts and circumstances connected with the making of the contract found by the jury will not justify this court in holding that the same was entered into by the parties for the purpose of evading legal proceedings then pending or thereafter instituted. Cohen v. Berlin & Jones Envelope Co., 9 App. Div. 425, 41 N. Y. Supp. 345; Id., 166 N. Y. 292, 59 N. E. 906. The contract found by the jury was that the deed from the plaintiff to the defendant was delivered in pursuance of an oral agreement by the defendant that she would reconvey the property to the plaintiff upon the termination of the lunacy proceedings. Strictly speaking, the proceedings referred to could only be terminated by a finding therein that the plaintiff was competent, or by the appointment of a committee in case it were found that he was incompetent. Until the happening of the latter event, the court had no right or duty in respect to the plaintiff's property; and any trust which he, prior to that time, may have created in respect to the property, and which by its terms expired upon the happening of that event, could not be said to thwart the court, or be an evasion of its decree. The trust expired when the process of the court took effect. They did not exist at the same time, or come in conflict with one another. As we have seen, the defendant was to reconvey upon the termination of the lunacy proceedings; and this meant either their discontinuance by a finding that he was competent, or by the appointment of a committee if he were found incompetent. The trust imposed the duty upon the defendant to reconvey upon the happening of either event, and, as the former has come to pass, she has no excuse for nonperformance. Had the other event transpired, to wit, the appointment of a committee, thereupon it would at once have become her duty to reconvey as well. Her right to hold the property came to an end simultaneously with the happening of the event which conferred powers and duties upon the committee. It is therefore difficult to perceive how the contract, if performed in accordance with the clear intentions of the parties, could have accomplished an evasion of the proceedings of the court, had a committee been appointed. As was well said in the Cohen Case, when first before this court upon demurrer (9 App. Div. 425, 41 N. Y. Supp. 345):

"A contract will not be adjudged to have been illegal when it is capable of a construction which will render it valid. The law will not presume that

a contract was made with intent to violate the law, nor is it enough to vitiate the contract that a suspicion or probability of an unlawful intent arises from the contract itself. Lorillard v. Clyde, 86 N. Y. 384."

The court should never import into a contract an element of fraudulent or illegal intent that is not fully justified by the proofs. The defendant went upon the witness stand and expressly denied the existence of any agreement on her part to reconvey, and, in order to negative the plaintiff's claim in regard to a trust, testified that the conveyance to her was for a valid consideration; thus rebutting any inference of an illegal purpose that might otherwise be drawn from the plaintiff's testimony. I am therefore of the opinion that the defendant's contention cannot prevail. By failing to set up the illegality of the contract in her answer, she waived the right to avail herself of that defense. A review of the testimony bearing upon the intent and purpose of the parties in entering into the contract found by the jury fails to support her contention that such contract was made to thwart the proceedings of this court. The motion to set aside the verdict and to dismiss the action is therefore denied, and judgment directed to be entered in favor of the plaintiff for the relief demanded in the complaint. Let judgment be entered accordingly.

Judgment accordingly.