LERA REALTY CO., INC., Respondent, v. ABRAHAM J. RICH, Appellant.— In a summary proceeding to recover possession of a store, based upon an alleged holding over by the tenant after the expiration of a written lease, tenant appeals from an order of the City Court of Mount Vernon striking the proceeding from the jury calendar and restoring the same to the trial calendar for trial without a jury. The lease contained a clause waiving the tenant's right to a trial by jury " in any summary proceedings hereafter instituted by the Landlord against the Tenant in respect to the demised premises * * *." As a defense in the proceeding, and in opposition to the instant motion, the tenant alleged that it was in possession under a new oral lease which was made during the term of the written lease, to take effect upon its expiration, and which was silent on the subject of waiving a jury trial. Order affirmed, with $10 costs and disbursements. The summary proceeding was based upon the written lease and the landlord had the right to invoke the jury-waiver clause contained therein. It could not be deprived of that right by the tenant's interposition of a plea alleging that he was in possession under a new lease. (*Berdam Holding Corp.* v. *Lieberman*, 21 N. Y. S. 2d 626 [not officially published].) As was said in *O'Beirne* v. *Bullis* (158 N. Y. 466, 469): " The mode of trial was to be determined by the cause of action set up in the complaint." Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

DAVID JARET CO., INC., Appellant, v. HAROLD G. STEELE, Respondent.— Appeal by plaintiff, on the ground of inadequacy, from a judgment in its favor in an action for brokerage commissions. Judgment unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ.

JOHN F. KRUMME, JR., by His Guardian ad Litem, JOHN F. KRUMME, Plaintiff, and JOHN F. KRUMME, Respondent, v. CUSHMAN'S SONS, INC., Appellant, and NICHOLAS FAZZOLARI, Appellant-Respondent.— This is an action sounding in negligence, brought by an infant plaintiff for personal injuries, and by his father for medical expenses and loss of services. The appeal is from a judgment, entered upon the verdict of the jury, awarding plaintiff father, John Fred Krumme, the sum of $456.80, against both defendants. The judgment also set aside the verdict for the infant plaintiff, John Fred Krumme, Jr., in the sum of $500, as inadequate, and directed a new trial as to such plaintiff, and dismissed the cross complaint of defendant Cushman's Sons, Inc., against Nicholas Fazzolari. Judgment modified on the law and the facts, by striking out the third decretal paragraph and substituting therefor the following: " Adjudged that defendant Cushman's Sons, Inc., do recover of defendant Nicholas Fazzolari the sum of $456.80 on its cross-complaint, and that defendant Cushman's Sons, Inc., have execution therefor." As so modified, the judgment, insofar as appealed from, is unanimously affirmed, with costs in favor of plaintiff John Fred Krumme against defendants. Defendant Fazzolari was the active wrongdoer, and defendant Cushman's Sons, Inc., was guilty only of passive negligence. (*Scott* v. *Curtis*, 195 N. Y. 424.) Present — Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ.