Arthur Wachtel, J.
The landlord moves to strike this case from the jury calendar and relies, in support of the motion, upon a jury waiver clause in a lease entered into between the landlord and the tenants upon September 25, 1943, for a term of three years, commencing October 1, 1943, and ending September 30, 1946. The jury waiver clause in the said lease provides that ‘ ‘ the tenant waives and will waive all rights to trial by jury in any summary proceeding hereafter instituted by the landlord against the tenant in respect to the demised premises or in any action brought to recover rent or damages hereunder.” The landlord alleges that at the expiration of the lease the tenants continued in possession of the premises. The landlord, in his petition, alleges that, “ The demised premises is decontrolled and is not subject to Sec. 8558 of the Unconsolidated Laws of the State of New York, and as amended, by reason of the fact that the Landlord, pursuant to Sub. ‘ Gr ’ of said Sec. 8558 of the aforesaid Unconsolidated Laws of the State of New York, offered to enter into a written lease with the tenants in possession of said demised premises for a term to commence on the 1st day of the month next succeeding the 20th day after the mailing of such offer, and to expire on the 30th day of June, 1958, at a rental in the same amount as the emergency rent with respect to the demised premises occupied by the tenants; and otherwise substantially on similar terms and conditions as existing with respect to said tenancy not inconsistent with the provisions of the aforesaid Section; and said Landlord transmitted said offer and written lease to the tenants by registered mail on the 24th day of April, 1957; and that the tenants failed, neglected or refused to execute such lease within said twenty days, and a further period of 6 months elapsed subsequent to such failure, neglect or refusal of the tenants, and the demised premises is now decontrolled.” In support of his application, the landlord contends that upon termination of the original written lease the tenants became *626 statutory tenants and upon expiration of the said written lease all the essential terms and conditions as existed between the parties during the lifetime of the said agreement, except as to the duration of their term and the rent to be paid by the tenants were carried over and projected into the statutory tenancy; that since the tenants, at the time of the execution of the original lease on September 25, 1943, specifically waived their right to a trial by jury in an issue as exists herein, this same waiver of a jury trial is carried over into the statutory tenancy and the tenants are bound by their prior waiver of a jury trial.
It is true that the law is as stated by the attorney for landlord; however, it is not applicable to the case at bar.
The right to invoke the waiver clause is determinable only in the light of the allegations of the petition. The landlord must stand or fall on those allegations. Whatever may be ultimately determined to be the nature of the holding over of the tenant, the waiver clause must be referable to those allegations (see Edsaid Realty Corp. v. Samuels, 92 N. Y. S. 2d 897; Lera Realty Co. v. Rich, 273 App. Div. 913, citing O’Beirne v. Bullis, 158 N. Y. 466). Accordingly it has been held that the waiver clause applies only to proceedings brought under the lease and is not operative where the proceedings brought was not based on the lease (cf. Kress v. Schulman, 181 Misc. 997; 463 Realty Corp. v. Moloff, 62 N. Y. S. 2d 83). In Klipack v. Raymar Novelties (273 App. Div. 54) the Appellate Division, First Department held that where a lease antedated the enactment of the rent law, the parties could not have had in contemplation causes of action for damages for wrongful eviction, rent in excess of the emergency rent and to recover a penalty under the said rent control law all created entirely by statute, and accordingly, the jury waiver clause, referring to proceedings in respect of “ any matters whatsoever arising out of or in any way connected with this lease, the Tenant’s use or occupancy of said premises ” (p. 55) could not be availed of by the landlord. The same jury waiver clause was held enforcible by the Appellate Division, First Department, in Stephenson v. 30 Fifth Ave. (1 A D 2d 469) upon the ground that in the Stephenson case the lease was made after the rent law went into effect. However, the Appellate Division, in the Stephenson case, was careful to point out that while the action was based upon the statute for alleged overcharges rather than upon the lease, the lease terms are an integral part of the cause of action and the factual issue is whether the rent reserved in the lease was excessive in the light of the rent law. “ This is certainly a cause of action connected with the lease and with the tenants’ *627 use and occupancy of the premises.” (P. 470.) Furthermore, the Appellate Division, in the Stephenson case, was careful to state that its decision was not in conflict with the holding in Victor Gloves v. 45 East 30th St. Corp. (1 A D 2d 871) where the action was brought under the rent law to recover damages for wrongful eviction upon the ground that such cause of action “had no relation to the lease or to the tenant’s occupancy of the premises. The cause of action there arose out of facts occurring after the termination of the lease and was based upon statutory provisions relating to post-occupancy action by the landlord and rights thereafter accruing to the tenant by virtue of this statute.” (P. 470.)
The jury waiver clause in the case at bar does not provide, as in the Stephenson case, with respect to any proceedings regarding the occupancy of the tenant. It refers only to summary proceedings in respect to " the demised premises ’ ’ or any action brought to recover rent or damages “ hereunder.” The jury waiver clause must be strictly construed against the landlord (cf. op. of Mr. Justice Shientag, Klipack v. Raymar Novelties, supra). The proceeding in the case at bar is not a proceeding under the original lease. It is brought purely on the basis of the emergency rent control statute upon the basis that the tenant holds not as a statutory tenant and not under the protection of the statutory enactments at all but on the basis that under subdivision (gg) of section 8 of the Business Rent Law (L. 1945, ch. 314, as amd.) the landlord has offered to the tenant a lease and the tenant has failed to execute the lease within the period of time required by the statute and that the premises have become decontrolled. The landlord’s reliance upon the rule of law with respect to the projection of the terms of an expired lease into a statutory tenancy is contrary to the allegations of the petition. Obviously, if this was a statutory tenancy, then the premises are not decontrolled. The only reasonable aspect of this case is that the landlord is now bringing summary proceedings, not under the original lease or in respect of any statutory tenancy resulting after the expiration of the lease but on the theory that the tenant has no rights as a statutory tenant and that the tenants’ rights are to be determined solely upon the landlord’s offer of a new lease under the provisions of the emergency rent control law.
Accordingly, the motion is denied.