Abthub Wachtel, J.
This is a motion to strike this case from the Jnry Calendar on the basis of a jury waiver clause in the written lease relied upon herein, and also to strike the tenant’s counterclaim upon the basis of a clause in the lease, prohibiting the interposition of a setoff or counterclaim.
This is a summary proceeding for nonpayment of rent of apartment No. 6 occupied by the tenant in the premises in question. Tenant interposed a general denial and filed a counterclaim for $1,479.48 for alleged treble damages and counsel fees for alleged rent overcharges.
The jury waiver clause in the lease provides as follows: “ 7 and it is expressly agreed by and between the parties hereto, that in the event of a dispute arising between the parties hereto, whether concerning this lease or otherwise, which said dispute shall result in action at law between the parties herein, or a legal proceeding by one party against the other, and whether the form of the claim advanced is either in the nature of a complaint or a counterclaim in an action or proceeding between the parties, the Tenant agrees to and hereby does waive any rights he may have to a trial by jury, and agrees that the matter in dispute be settled and decided by the Court alone.”
The tenant’s attorney submits an affidavit in opposition and sets forth therein the contention that the lease of apartment No. 6 was “ induced and executed fraudulently, and should not be binding upon said tenant”; that in fact, the tenant rented apartment No. 5 and occupies apartment No. 5 but that the *559 landlord caused the number on the tenant’s door to be changed when the tenant brought a proceeding before the Local Rent Commission for rent overcharges.
The rule has become established, by the overwhelming weight of authority in these cases, that the test to be applied is the nature of the plaintiff’s pleading, not the defendant’s pleading. It was on this basis that the Appellate Division, Second Department held in Lera Realty Co. v. Rich (273 App. Div. 913) that the landlord could not be deprived of the jury waiver clause in the written lease by the tenant’s interposition of a plea, alleging that he was in possession under a new lease. The court cited in support, the opinion of the Court of Appeals in O’Beirne v. Bullis (158 N. Y. 466, 469) as follows: “ The mode of trial was to be determined by the cause of action set up in the complaint.” This decision has been followed in Bryant Park Bldg. v. Abbott (84 N. Y. S. 2d 549); 8008 Realty Corp. v. Rubin (85 N. Y. S. 2d 163); Edsaid Realty Corp. v. Samuels (92 N. Y. S. 2d 897). (See, also, Rasch, Landlord and Tenant and Summary Proceedings, § 1406.) In the Bryant Park case (supra, p. 550) the court said: “ In the recent case of Lera Realty Co. v. Rich, 1948, 273 App. Div. 913, 77 N. Y. S. 2d 658, the Appellate Division in the Second Department has held that, in such circumstances, the landlord in a summary proceeding is entitled to enforce the clause in the lease waiving a jury trial, and that that right may not be taken away because of the fact that the tenant interposes an affirmative defense or counterclaim.” (See, also, American Housecraft Corp. v. Dickens, Index No. 2563-1956 by this court.)
Furthermore, it is not clear whether the tenant relies upon disaffirmance and rescission of the lease upon the ground of the landlord’s fraud, or whether he seeks to affirm the existence of the lease and maintain an action for damages on the theory that the landlord’s fraud resulted in a subsisting contract which, on account of the falsity of the representations, is detrimental to the tenant. (Cf. opinion of Untermeyer, J., in Leav v. Weitzner, 268 App. Div. 466 followed in Kristal v. General Produce Co., 69 N. Y. S. 2d 744.)
The tenant’s rights may be protected by bringing a separate .action upon such theory of fraud as the tenant may be advised, and in that action his right to a jury trial may be determined.
Furthermore, the right of the tenant to interpose a counterclaim in this proceeding is also governed by the terms of the lease which provide as follows: “ The tenant hereby agrees that in the event the Landlord commences any action or Summary Proceedings for the non-payment of rent or additional rent *560 under the terms of this lease no set-off or counterclaim whatsoever of any nature will be interposed by or on behalf of the Tenant in any such action or Summary Proceedings.”
Accordingly the counterclaim must be dismissed without prejudice to the tenant’s right to bring an independent action therefor. (Linker v. Herard, 13 Misc 2d 445.)