Walter R. Hart, J.
Plaintiff has brought this action to recover damages for alleged breach by defendants of a written contract. The answer includes an affirmative defense that defendants were fraudulently induced by plaintiff’s salesman to enter into the contract.
Subsequent to the filing of a note of issue, defendants demanded a trial by jury. Plaintiff thereafter moved to strike the action from the Jury Calendar upon the ground that the contract contains a provision for jury waiver in any action “ wherein * * * this agreement may be involved, or be the basis of suit.” The motion was granted, and from the order entered thereon defendants appeal.
*156 The general rule is that the mode of trial is determined by the cause of action alleged in the complaint (O’Beirne v. Bullis, 158 N. Y. 466, 469 ; Lera Realty Co. v. Rich, 273 App. Div. 913). Upon the basis of this rule we have upheld jury waiver provisions in contracts and leases, even as against affirmative defenses that the writings in question had no valid inception by reason of fraud practiced in the inducement thereof. (See, e.g., Suburban Apts. v. Dalton, N. Y. L. J., Dec. 9, 1958, p. 14, col. 7 ; Kew Management Corp. v. Rogers, N. Y. L. J., Dec. 6, 1938, p. 1990, col. 7 ; Kabro Constr. Corp. v. Rhoden, N. Y. L. J., June 21, 1955, p. 9, col. 2.)
I think there should be a reappraisal of our position in respect to a situation, such as this one, involving a defense which challenges the validity of the writing wherein the jury waiver clause appears. In such a case, it seems to me that the party resisting the contract should be afforded the privilege of a preliminary trial by jury on the defense of fraud. The opportunity for. such a trial, if not available as of right, should certainly be granted in the exercise of discretion. (Mun. Ct. Code, § 118, subd. 2.) Otherwise the party seeking such a trial would be at a disadvantage in having to proceed to trial without a jury by virtue of the waiver provision in an agreement which may be void in its entirety for want of legal consent. As already indicated, the anomaly thus presented may be avoided by the simple expedient of requiring a jury trial as to the defense of fraud before the remaining issues are litigated. To this general effect, see Gotham Credit Corp. v. Brancaccio (83 N. Y. S. 2d 341) where, under similar circumstances, the court refused to strike the case from the Jury Calendar
The problem of jury waiver was also considered in Leav v. Weitzner (268 App. Div. 466). In that case the plaintiffs sued for damages for fraud and sought a trial by jury. The waiver clause was upheld upon the theory that the plaintiffs, by suing for damages, had affirmed the existence of the contract and were therefore bound by its terms. But the court went on to say that the plaintiffs “ might perhaps contend in an action for rescission, that the stipulation waiving a jury trial perished with all the other rights and obligations under the lease ” (p. 468). The plain implication from the quoted language would seem to be that one who disaffirms for fraud a writing which contains a jury waiver clause should not be required to proceed to trial without a jury until there has been a determination as to the validity of the disputed instrument.
The same question frequently arises upon applications to compel arbitration. If an issue is raised as to the making of *157 the contract which provides for arbitration, either party may demand a jury trial on such issue. Thus, where fraud in the inception of the contract is claimed, the court must try this issue or refer it to a jury trial, if one is demanded. (Matter of Newburger v. Gold, 229 App. Div. 572 ; Horowitz v. Alley Pond Park Apts., 2 A D 2d 762 ; Civ. Prac. Act, § 1450.)
In the instant case, and for the same reasons which obtain in arbitration, I am of the opinion that the defense of fraud in the inception of the contract should be tried on framed issues. Upon a finding that such fraud was practiced herein, the complaint should be dismissed; upon a contrary finding, there should be a trial without a jury on the remaining issues.
The order should be modified on the law and facts, and in the exercise of discretion, by providing for a preliminary trial by jury on framed issues as to the defense of fraud in the inception of the contract, and as so modified, affirmed, without costs.
Brown and Benjamin, JJ. concur.
Order modified, etc.