Domenick L. Gabrielli, J.
In this action brought to recover damages for the breach of an alleged contract for the installation of clapboard siding by the plaintiff, the defendants have previously filed a demand for a trial by jury. The contract in question contained a provision that in the event of breach ‘ ‘ The parties hereby waive a trial by jury ”. The plaintiff, therefore, contends that these defendants are not entitled to have a jury trial.
The defendants have interposed a defense that there was in fact never any contract entered into between the parties. It appears that the defendants did not own the house upon which *94 the siding was to be applied and the defendants contend that there was a definite understanding that the “ contract ” would not become a binding contract until such time as the owner of the premises had given his permission to have this work performed upon his house, which was under lease by him to the defendants.
Jury waiver provisions in contracts and leases have been upheld and there is much logic to the rule. Under ordinary circumstances and in an action for a breach of the contract, where the issues would be limited to the questions relating to the breach, such a jury waiver provision should be recognized and upheld.
Here, however, there is a firm challenge as to whether or not there ever was a final and binding contract embracing the work to be done and payment therefor. There is a distinct challenge to the validity of the writing wherein the jury waiver clause appears. As the court said in Federal Housecraft v. Faria (28 Misc 2d 155, 156) “ In such a case, it seems to me that the party resisting the contract should be afforded the privilege of a preliminary trial by jury on the defense ” (and here as to whether there was ever actually a contract). If such is not the rule, the party seeking such a trial would be at a disadvantage in having to proceed to trial without a jury by virtue of the waiver provisions in a contract which may be void or which may never have had any binding inception and which may never have blossomed into an actual agreement.
This court does not, however, conclude that the defendants are entitled to a jury trial, generally, upon all the issues. Such a determination would be in contravention to the agreement sued upon, if it is subsequently decided to be a binding contract.
The court, therefore, concludes that this defense interposed by the defendants should be tried before a jury on framed issues. If there is a finding that there was a valid contract, there should be a trial without a jury upon all the remaining issues. If there is a finding that there never was a binding and valid contract, then the complaint should be dismissed.