Albert Orenstein, J.
This is an appeal from an order and decision of the City Court of Syracuse, New York, denying plaintiff’s motion to remove the case from the Jury Calendar on the ground that the contract between the parties contained “a jury waiver” clause. (See Gardner & North Roofing & Siding Corp. v. Champagne, 48 Misc 2d 716.)
Plaintiff and defendants entered into a written contract whereby the plaintiff was to perform work, labor and services and provide materials for what are generally known as home improvements.
Before commencing the work entailed by the contract, the defendants cancelled the contract and refused to permit the plaintiff to perform the services as agreed.
The plaintiff sues for an amount representing the difference between the cost of the materials and labor and the agreed upon price.
Defendants, by their amended answer, allege that the plaintiff falsely represented that the cost of repairing and finishing off the attic and other rooms in the defendants’ house was in an amount less than normally charged for such work and materials; they therefore elected to rescind the contract upon discovery of these fraudulent representations.
The pertinent portion of the contract contained the following quotation: ‘ ‘ The parties hereby waive a trial by jury and consent that any lawsuit which may arise in any way because of the execution of this agreement or because of a breach thereof or the failure to pay shall be tried by the court without a jury ”.
The plaintiff claims that by reason of the jury waiver provision, the defendants are not entitled to a jury trial. The court below held that this jury waiver was not enforcible unless the waiver “is clearly expressed in the light of all the circumstances ” (p. 717), and further, that the above-quoted provision of the contract was so obscurely set forth in the agreement that it could not be considered an intentional abandonment of the right to a trial by jury.
This court is not in complete agreement with the reasoning of the honorable court below, but holds that the defendants are *415 entitled to a trial by jury solely on the issue of fraud. The enforcibility of the plaintiff’s claim under the contract would then depend upon the determination of the fraud issue.
Federal Housecraft v. Faria (28 Misc 2d 155) is considered by this court as authority for its decision. In that case it was held that although the contract allegedly breached contained a provision for jury waiver in any action involving the agreement, the defendants were entitled to a jury trial on the defense that they were fraudulently induced by plaintiff’s salesman to enter into the contract. The court stated in its opinion at page 156, “ One who disaffirms for fraud a writing which contains a jury waiver clause should not be required to proceed to trial without a jury until there has been determination as to the validity of the disputed instrument.” (See, also, Breveoort, Inc. v. Meredith, 154 N. Y. S. 2d 398; Gotham Credit Corp. v. Brancaccio, 83 N. Y. S. 2d 341.)
In International Roofing Corp. v. Van Der Veer (43 Misc 2d 93, 94) the court held: “ Jury waiver provisions in contracts and leases have been upheld and there is much logic to the rule. Under ordinary circumstances and in an action for a breach of the contract, where the issues would be limited to the questions relating to the breach, such a jury waiver provision should be recognized and upheld.”
The court further held, citing the Federal Housecraft case (supra), that the defendants were entitled to a jury trial to determine if a binding contract did exist between the parties, and then upon finding that there was a valid contract, there should be a trial without a jury upon all of the remaining issues.
Plaintiff contends that the defendants ’ pleadings setting forth the allegations of fraud are conclusory and do not meet with the requirements of CPLR 3016 (subd. [b]) and that the circumstances constituting the fraud are not stated in sufficient detail.
This court is of the opinion that the amended answer as set forth is in substantial compliance with the rule requiring that statements in a pleading be sufficiently particular to give the court and parties notice of the transactions intended to be proved and the material elements of the defense. (Foley v. D’Agostino, 21 A D 2d 60.)
This case held at page 65, ‘ ‘ Finally, every pleading question should be approached in the light of the Civil Practice Law and Rules enactment that pleadings ‘ shall be liberally construed. Defects shall be ignored if a substantial right of a party is not prejudiced.’ ”
*416 An examination before trial could supply the plaintiff with more detailed information in connection with the defendants ’ alleged defense.
Accordingly, the order appealed from is modified to the extent that the defendants are entitled to a trial by jury solely on the defense of fraud; if the jury should find in favor of the defendants on that issue, the complaint should be dismissed; if a contrary finding is returned by the jury, there should be a trial without a jury on the remaining issues.