■ Rockland Development Associates, Respondent, v Richlou Auto Body, Inc., Appellant.—In an action to recover damages for nonpayment of rent, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated October 24, 1989, as granted the plaintiff's motion for partial summary judgment dismissing the defendant's counterclaim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff is the owner of a two-building premises located in West Nyack, New York. On December 23, 1986, the plaintiff leased to the defendant 3,600 square feet in one of its buildings to be used as an auto-body repair shop. The lease provided as follows: "Tenant agrees not to compete with the services to be offered by other tenants within the two-building complex, to include transmission repairs, muffler installation, tire sales, rust-proofing, fast oil change and lubrication, general engine repairs, tune-up services and related work".

Sometime after the lease between the plaintiff and the defendant was executed, the plaintiff leased space in the same two buildings to another auto-body repair shop, the effect of which was to drive the defendant out of business. The defendant ceased paying rent to the plaintiff and vacated the demised premises. This action was commenced shortly thereafter.

The defendant counterclaimed, averring that the plaintiff had violated the noncompetition clause and frustrated the purpose of the lease between the parties by entering into a

subsequent lease with another auto-body repair shop. The plaintiff then moved for summary judgment dismissing the defendant's counterclaim for failure to state a cause of action. The Supreme Court granted the plaintiff's motion. We affirm.

The language of the lease is unmistakably clear. It is the defendant, not the plaintiff, who agreed "not to compete with the services to be offered by the other tenants within the two-building complex". Yet, the defendant seeks to impose a reciprocal obligation on the plaintiff to refrain from leasing any other part of his property to another tenant engaged in the same business. The language of the lease, however, is not reasonably capable of such a construction, and restrictive covenants will not be extended by implication (see, 74 NY Jur 2d, Landlord and Tenant, § 89).

The doctrine of frustration of purpose does not apply unless the frustration is substantial. It is not enough that the transaction has become less profitable for the affected party or even that he will sustain a loss (see, Restatement [Second] of Contracts § 265, comment a). The defendant merely alleges that he has sustained a loss. Thus, the doctrine of frustration of purpose is inapplicable.

We have examined the defendant's remaining contention and find it to be without merit. Thompson, J. P., Eiber, Miller and Ritter, JJ., concur.