HAROLD P. FREY, Respondent, v N.A. BAGAROZZO DEV./ BLDG., INC., Formerly Known as HARNAN DESIGNS, LTD., Appellant. (Appeal No. 1.) [603 NYS2d 789] —Appeal unanimously dismissed without costs (see, Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988; see also, CPLR 5501 [a] [1]). (Appeal from Judgment and Order of Erie County Court, D'Amico, J.—Summary Judgment.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.

 JAMES FERRY et al., Respondents, v POUGHKEEPSIE GALLERIA COMPANY, Appellant. [602 NYS2d 267] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Although plaintiffs' commercial lease contained a provision waiving the right to trial by jury of any action arising out of that lease, that waiver does not apply to plaintiffs' causes of action alleging that plaintiff Ferry was induced to enter into the lease agreement by defendant's fraudulent misrepresentations (see, Bank of N. Y. v Cheng Yu Corp., 67 AD2d 961; Gardner & North Roofing & Siding Corp. v Champagne, 55 Misc 2d 413; Federal Housecraft v Faria, 28 Misc 2d 155). Further, plaintiffs did not waive their right to a jury trial on those causes of action by seeking, in addition to money damages, the equitable remedy of rescission (see, Federal Housecraft v Faria, supra). Thus, Supreme Court properly denied defendant's motion to strike plaintiffs' demand for a jury trial of the fraudulent inducement causes of action. We modify the order, however, to strike plaintiffs' jury demand with respect to the remaining cause of action for breach of contract. The contractual jury waiver provision fully applies to that cause of action. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Strike Jury Demand.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.