■ WINTERVIEW INC., et al., Plaintiffs, v KARIN MODELS, LLC, Defendant and Third-Party Plaintiff-Appellant. NEXT et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [742 NYS2d 212] —Judgment, Supreme Court, New York County (Stephen Crane, J.), entered July 10, 2000, after a nonjury trial, in favor of third-party defendants-respondents, Next, a partnership, Faith Kates, Joel Wilkenfeld, Giorgio San Ambrogio and Lorenzo Pedrini, dismissing the third-party complaint as against them, unanimously affirmed, with costs.

The trial evidence, fairly considered, permitted the court, sitting as fact finder, fairly to conclude that third-party defendants-respondents did not induce Mr. Priano to breach his contract with third-party plaintiff. A review of the testimony as a whole indicates that the court accorded the evidence its proper weight, and despite certain credibility problems, which the court noted, nonetheless properly found that third-party plaintiff failed to meet its burden of proving all of the elements of a cause of action for tortious interference with contract. In this connection, the trial testimony, including testimony from third-party plaintiff's own witness, disclosed that third-party defendants did not precipitate Mr. Priano's departure from third-party plaintiff, but rather that Mr. Priano, seeking to relocate his business because of his dissatisfaction with his situation at third-party plaintiff, sought out third-party defendants. Moreover, even if third-party defendants had induced Priano's departure from third-party plaintiff, the duly credited evidence persuasively supported the trial court's findings that third-party plaintiff's late payments to Mr. Priano's hair and make-up artists and limitations set by third-party plaintiff on Mr. Priano's bookings prevented Mr. Priano from doing the very work he was hired by third-party plaintiff to do (*cf., Rockland Dev. Assoc. v Richlou Auto Body*, 173 AD2d 690), and thus that third-party plaintiff should not be permitted to recover for inducing the breach of the contract whose performance it had by its own conduct already frustrated.

Third-party plaintiff's jury demand was properly struck in view of its joinder of legal and equitable causes of action based upon the same transaction (*see, A.J. Fritschy Corp. v Chase Manhattan Bank*, 36 AD2d 600).

We have considered third-party plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Sullivan, Wallach, Rubin and Gonzalez, JJ.