■ TIFFANY AT WESTBURY CONDOMINIUM BY ITS BOARD OF MANAGERS et al., Respondents, v MARELLI DEVELOPMENT CORP. et al., Appellants, et al., Defendants. [826 NYS2d 623]—

In an action, inter alia, to recover damages for breach of contract, the defendants Marelli Development Corp. and Elliot Monter appeal from an order of the Supreme Court, Nassau County (Palmieri, J.), dated January 4, 2006, which denied their motion to strike the plaintiffs' demand for a jury trial.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Marelli Development Corp. and Elliot Monter to strike the plaintiffs' demand for a jury trial is granted.

The plaintiffs in this action are individual owners of condominium units at Tiffany at Westbury Condominium (hereinafter Tiffany) and Tiffany's Board of Managers (hereinafter the Board). They commenced this action against, inter alia, the sponsor of Tiffany, Marelli Development Corp. (hereinafter Marelli), and its principal, Elliot Monter, to recover damages for alleged defects in the design and construction of the premises. The plaintiffs asserted causes of action against Marelli for breach of limited warranty and contract, and the Board asserted a cause of action against Elliot Monter for breach of fiduciary duty. The plaintiffs' purchase agreements incorporated the limited warranty at issue herein, and provided that the parties waived their right to a trial by jury "in any action, proceeding or counterclaim arising out of or from" the purchase agreements. On the basis of this contractual waiver, Marelli and Elliot Monter moved to strike the plaintiffs' demand for a jury trial in this action. The Supreme Court denied the motion, and we reverse.

It is well settled that by written agreement parties may expressly waive their right to a jury trial on any claim (*see*

*Gunn v Palmieri,* 187 AD2d 485 [1992]; *Barclays Bank of N.Y. v Heady Elec. Co.,* 174 AD2d 963 [1991]). Moreover, when a party joins a claim for which it has a right to a jury trial with another claim for which it does not, that party waives its right to a jury trial on both claims if they arise from the same transaction (*see e.g. Willis Re Inc. v Hudson,* 29 AD3d 489 [2006]; *Ayromlooi v Staten Is. Univ. Hosp.,* 7 AD3d 475 [2004]; *Winterview Inc. v Karin Models,* 294 AD2d 120 [2002]; *Barclays Bank of N.Y. v Heady Elec. Co., supra; cf.* CPLR 4102 [c]).

Here, the plaintiffs contractually waived their right to a jury trial with respect to the claims for breach of the limited warranty and contract. These claims, moreover, are based on the same transactions and occurrences as the Board's cause of action for breach of fiduciary duty. As admitted by the plaintiffs, both claims are based on the same alleged construction and design defects at Tiffany. Accordingly, the Supreme Court erred in denying Marelli and Elliot Monter's motion to strike the plaintiffs' demand for a jury trial. In the context of this action, where the plaintiffs joined these claims, they waived their right to a jury trial on all claims. Schmidt, J.P., Crane, Santucci and Covello, JJ., concur.