[888 NYS2d 876]

D.B. Zwirn Special Opportunities Fund, L.P., Plaintiff, v Brin Investment Corporation, Defendant.

Supreme Court, New York County, November 12, 2009

### APPEARANCES OF COUNSEL

*Vinson & Elkins LLP*, New York City (*Steven R. Paradise, Michael V. Rella* and *Michael S. Davi* of counsel), for plaintiff. *LeClair Ryan*, New York City (*Michael T. Conway* and *Kwame N. Cane* of counsel), for defendant.

### OPINION OF THE COURT

Bernard J. Fried, J.

Before me is a motion by plaintiff D.B. Zwirn Special Opportunities Fund, L.P. to strike the jury demand of defendant Brin Investment Corporation. After oral argument, the parties submitted supplemental memoranda, which I have reviewed.

In this motion, D.B. Zwirn asks me to strike Brin Investment's jury demand, based on a jury waiver provision in an asset management agreement (AMA) executed by D.B. Zwirn and Brin Management Corporation. It is well known that the constitutional right to a jury trial may be expressly waived by written agreement. (*Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 34 AD3d 791, 791 [2d Dept 2006].)

D.B. Zwirn has made a variety of arguments in support of its position that Brin Investment is bound by the AMA and its jury waiver, and it has submitted various documents in support of them. In my decision resolving the cross motions for partial summary judgment, I found that there were disputed questions of material fact as to whether Brin Investment was substituted for Brin Management Corporation as a party to the AMA by way of novation, or whether Brin Investment is otherwise subject to the AMA, although it was not a signatory to it, and that these questions had to be determined by the trier of fact.

I decline D.B. Zwirn's invitation to make a pretrial finding that Brin Investment is bound by the AMA. As there is a triable issue as to whether Brin Investment is bound by the AMA, it is entitled to a jury trial on that issue. In reaching this conclusion, I follow two appellate decisions cited by Brin Investment, *Wells Fargo Bank, N.A. v Stargate Films, Inc.* (18 AD3d 264 [1st Dept 2005]) and *Federal Housecraft v Faria* (28 Misc 2d 155 [App Term, 2d Dept 1961]), which held that a jury waiver in a contract did not apply to a defense based on a claim of fraudulent inducement challenging the validity of that contract. (*See also International Roofing Corp. v Van Der Veer*, 43 Misc 2d 93, 94 [Sup Ct, Monroe County 1964] [holding that the defendant was entitled to a jury trial on its defense challenging whether the contract, containing the jury waiver clause, was valid, where the defendant argued that there was a "definite understanding" that the contract was not binding yet].)

D.B. Zwirn asks me to interpret the rule of *Wells Fargo* and *Faria* narrowly, as limited to cases involving fraud defenses. D.B. Zwirn similarly argues that I should interpret the rule of *International Roofing* narrowly as limited to its facts, in which the argument was made that there was a definite understanding that the contract was not binding on the parties. I decline to

interpret them so narrowly; in my judgment, they stand for the general proposition that, where the effectiveness of the contract containing the jury waiver is at issue at trial, a party is entitled to a jury trial on the question of the effectiveness of that contract.

The decision of *Technical Support Servs., Inc. v International Bus. Machs. Corp.* (18 Misc 3d 1106[A], 2007 NY Slip Op 52428[U] [Sup Ct, Westchester County 2007]) does not counsel a different result, as in that case, there was no question that the parties had entered into the contract containing the jury waiver. Similarly, *US E. Co. of N.Y., Ltd. v JPMorgan Chase Bank, N.A.* (2007 NY Slip Op 33374[U] [Sup Ct, NY County, Oct. 11, 2007]) does not counsel a different result, because it apparently did not depend on resolution before trial of a disputed issue of material fact. To the extent that either *Technical Support* or *US E.* does counsel a different result, I decline to follow them, as I consider myself bound by the Court's holding in *Wells Fargo*, as I previously indicated that it should be construed.

As a side note: if, at trial, the jury agrees with Brin Investment that it is not bound by the AMA, then the jury waiver provision will not be binding, and Brin Investment's constitutional right to a jury trial remains undisturbed. If, on the other hand, the jury agrees with D.B. Zwirn that the AMA, containing the jury waiver, is binding on Brin Investment, then D.B. Zwirn will prevail on its claims and will have no reason to complain that the jury waiver was not enforced.

In conclusion, Brin Investment is entitled to a jury trial on the issue of the validity of the AMA.

Accordingly, it is ordered that motion sequence No. 005 is denied.