ALFRED M. RAPPAPORT, Plaintiff, *v.* ELMORTON HOLDING CORPORATION, Defendant.

City Court of New York, Special Term, New York County, February 5, 1938.

*M. Carl Levine,* for the plaintiff.

*Rosenberg & Rosenberg,* for the defendants.

PARELLA, J. The action is by a tenant against his landlord to recover property damage allegedly sustained in consequence of the breakage of steam and water pipes in the apartment occupied by plaintiff. The lease between the parties contains the following provision:

" The lessee waives and will waive all rights to trial by jury in any summary proceeding hereafter instituted by the lessor against the lessee in respect to the demised premises, or in any action brought to recover rent or damages hereunder."

A provision in an agreement for the waiver of the right to trial by jury should, to be enforcible, be unambiguous and unequivocal. Such a provision is applicable to a cause of action only if it clearly relates thereto. The word " damages " as employed in the clause under consideration would seem to refer primarily to an action brought by the lessor for " damages " after a breach of the lease by the tenant. Application of the *ejusdem generis* rule to the word " damages " would seem to exclude the present action. It is to be remembered that an action accruing, under a survival of liability clause, upon the landlord's re-entry after breach by the tenant of the lease, is technically an action for " damages; " it is to such an

action that the word " damages," interpreted in the light of its context, seemingly applies. I need not consider to what other actions that word may also apply; it has no application to the action at bar.

The motion is denied.

Order signed.