ANNA KLIPACK et al., as Copartners, Doing Business under the Firm Name of ATLAS FRINGING & SPORTSWEAR Co., Appellants, v. RAYMAR NOVELTIES, INC., Respondent.

First Department, December 22, 1947.

*Leon London* for appellants.

*Herman M. Kessel* of counsel (*Louis Barnett,* attorney), for respondent.

SHIENTAG, J. The question presented on this appeal involves the application of a waiver of jury clause in a written lease to causes of action created by the Commercial Rent Law enacted subsequent to the date of the lease.

The provision for waiver of a jury trial is quite broad and reads as follows: " It is mutually agreed by and between Landlord and Tenant that the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, the Tenant's use or occupancy of said premises, and/or any claim of injury or damage."

Plaintiffs were tenants and were evicted as the result of a summary proceedings in which the landlord claimed it desired possession of the premises in good faith for its own use. The complaint sets forth four causes of action. In the first cause of action the tenants sue to recover damages under the Commercial Rent Law because they claim the landlord failed within

for his own use and that as to a portion of the premises from which the tenants were dispossessed the landlord failed to conduct his business therein but proceeded to rent them to another tenant (L. 1945, chs. 3, 315, § 8, subd. [d], as amd., Unconsolidated Laws, § 8528, subd. [d]). The second and third causes of action are to recover for what is in the nature of a penalty under the statute involving forfeiture of one month's rent for each rental in excess of the emergency rent (L. 1945, chs. 3, 315, § 4, as amd., McKinney's Unconsolidated Laws, § 8524). The fourth and fifth causes of action are to recover rent paid in excess of the emergency or reasonable rent as defined by the Commercial Rent Law.

Does the provision for waiver of trial by jury apply to any or to all of these causes of action? The learned court below held that it did. With that conclusion we are in disagreement. The tenants who held over after expiration of the terms of their lease became, by virtue of the emergency rent laws, statutory tenants (*Stern* v. *Equitable Trust Co.*, 238 N. Y. 267). The terms and conditions of their written lease, except as to rental and duration, carry over into the so-called " statutory tenancy "—a tenancy which is not the conventional relationship of landlord and tenant but one which is created by statute and to which certain important, newly created, rights and obligations attach solely by virtue of the statute.

This court held in *Schultz* v. *Wietchner* (271 App. Div. 971), that a waiver of trial by jury worded the same as that involved in the present case applied to summary proceedings instituted to obtain possession of property where the landlord claimed the right of immediate occupancy in good faith for his own use. The Commercial Rent Law was there involved and the waiver agreement was entered into before that statute was enacted. This court held that, although the Commercial Rent Law attached a new condition to the right of a landlord to evict a tenant at the expiration of his term, namely, the requirement of good faith in demanding immediate possession for the landlord's personal use, the waiver of trial by jury nevertheless applied. In that case, however, the proceeding was one directly relating to the occupancy of the tenant and to the right of the landlord to recover possession after termination of the written lease. In the present case the causes of action are those created entirely by statute. They in no way affect the conventional relationship of landlord and tenant. They exist not by virtue of such relationship but solely because of the statute itself. In that way they differ from the other terms and conditions of the written

lease which exist by virtue of the contractual relationship and are carried over into the new statutory tenancy.

It is not our province to determine whether as a matter of policy landlord and tenant proceedings to which the emergency rent laws apply should be tried before a jury rather than before a judge. It suffices for us to hold that the right of trial by jury is an important right; that while it may be waived by agreement covering future litigation between the parties, the extent of the waiver is one of intention, expressed intention to be sure, but intention nevertheless to be determined in the light of all the circumstances. It is one thing to say that the waiver of trial by jury applies to all the terms and conditions of the expired lease which are carried over into the new statutory tenancy. It is altogether different to maintain that such a waiver applies to terms and conditions which do not find their origin in the written lease, which could not have been within the contemplation of the parties when the waiver agreement was made but which were later brought into being by statutory enactment. It may well be that the distinction between *Schultz* v. *Wietchner* (*supra*) and the present case is one of degree only, but the difference of degree is so substantial as to constitute a difference of kind. The rule of *Schultz* v. *Wietchner* should not be extended to cover causes of action such as are here involved.

The order striking the cause from the jury calendar should, accordingly, be reversed, with $20 costs and disbursements in favor of appellants and the motion denied.

GLENNON, J. P., COHN, CALLAHAN and VAN VOORHIS, JJ., concur.

Order striking action from the jury trial calendar and placing same on the nonjury calendar unanimously reversed, with $10 costs and disbursements to the appellants and the motion denied. Settle order on notice.