SAUL RABINOVITZ, Plaintiff, *v.* ALLAN C. WILLIAMSON et al., as Administrators D. B. N. of CHARLES D. STRANG, Defendants.

Supreme Court, Special Term, Kings County, September 2, 1948.

*Nathan Siegel, Jr.,* for plaintiff.

*Herdling & Scharf* for defendants.

BELDOCK, J. Plaintiff Rabinovitz moves to consolidate an action for specific performance pending in this court with a summary proceeding now pending in the Municipal Court or, in the alternative, for a stay of the summary proceeding pending the final determination herein.

In 1941, the defendants Williamson, as administrators, entered into a written lease with plaintiff's predecessor as tenant with respect to premises used as a public garage and automobile repair shop, for a term of five years ending March 31, 1946. This lease, with the consent of the then landlord, was duly assigned to plaintiff in January, 1942, and the lease was extended so as to expire on December 31, 1946. After said expiration date, plaintiff remained and still is in possession of the demised premises.

The written lease, among other things, contained a provision granting an option to the tenant to purchase the premises upon certain conditions. This clause provided that if " during the term of this lease ", the landlord or any future owner of the premises received " a bona fide offer to purchase the said premises ", which offer was deemed satisfactory to the landlord or future owner, the tenant was to have the privilege of purchasing the premises at the same price and upon the same terms. Provision was made for notice to be given to the tenant by registered mail, informing him of the offer and requiring him to accept the same in writing within fifteen days after notice, and upon his failure so to do within such time, then the option terminated and the landlord was privileged to proceed to sell the property to another.

The defendants Williamson allege that they did not obtain an offer for the purchase of the premises satisfactory to them during the term of the lease (ending December 31, 1946).

On May 25, 1948, defendants Williamson, as administrators, entered into a contract for the sale of the premises to one David Rosen, who is also in the public garage business in Brooklyn. Title was conveyed to the purchaser on July 7, 1948, and on August 3, 1948, Rosen, as landlord, instituted a summary proceeding against plaintiff in the Municipal Court, Borough of Brooklyn, seeking possession of the premises under the Commercial Rent Law (L. 1945, ch. 3, as amd.) for " his own use " in that he required the additional space for the storage of vehicles. A temporary stay of the Municipal Court proceeding was granted in the order to show cause accompanying this application.

Plaintiff in this Supreme Court action seeks to compel specific performance of the provision of the lease which granted him an option to purchase the premises in the event that the landlord received a bona fide offer from another person. In this respect, plaintiff contends that notwithstanding the fact that

the lease by its terms expired December 31, 1946, there has been an extension of the lease "by agreement between the plaintiff and the defendants, and the said lease, including the option hereinabove referred to, is in full force and effect" and that the lease and option contained therein "has been extended by operation of law and is in full force and effect."

The defendants contend that there was a termination in accordance with the terms of the lease and furthermore, they argue, that assuming the lease itself was extended by operation of law, such extension applies merely to the right of possession and does not embrace a collateral agreement such as the option clause is claimed to be.

The first cause of action of the amended complaint sets forth a good cause of action for equitable relief based upon an alleged agreement to extend the lease and the option. If plaintiff should prevail under this cause of action, the dispossess proceeding in the Municipal Court would of necessity fail. Defendants maintain, however, that even if such an agreement had been made, which is denied, it would be void since it would constitute an option to purchase real estate which was not reduced to writing. Without passing upon the merits of this contention, I find that the second cause of action adequately sets forth a basis for equitable relief by reason of the alleged extension or renewal of the lease and the option clause by operation of law.

Assuming that there was no express renewal or extension of the lease and option clause and that plaintiff is considered a statutory tenant, then the question to be resolved is whether the option clause may be projected beyond the expiration date and into the statutory tenancy period.

I do not agree with defendants' contention that the statutory tenancy merely gives the tenant the right to enjoy possession and use of the premises at the old rental, without the privileges and other obligations elsewhere contained in the terms of the written lease. Nor do I agree that the option clause is a collateral, independent arrangement which does not affect the obligations of the parties with respect to the premises during the statutory tenancy. In the instant case the option clause was made part of the original agreement of lease, and it well can be assumed that it was one of the material considerations inducing the tenant to execute the lease in 1941.

Under the Commercial Rent Law, a tenant may not be removed from the space occupied under a lease or other agree-

ment which has terminated unless possession is sought by the landlord who seeks occupancy in good faith for his immediate and personal use.

In many cases relating to the occupancy of a tenant and the right of a landlord to recover possession after termination of a written lease, the courts have held that the tenant holding over after the expiration date becomes a statutory tenant and that the rights and obligations of the parties under the lease are projected into and become part of the statutory tenancy (except where they plainly conflict with the emergency rent laws). (*Barrow Realty Corp.* v. *Village Brewery Restaurant, Inc.*, 272 App. Div. 262; *Klipack* v. *Raymar Novelties*, 273 App. Div. 54, 56; *Lewittes & Sons* v. *Spielmann*, 190 Misc. 35; *130 West 57 Corp.* v. *Hyman*, 188 Misc. 92; *Gross* v. *Libby Properties, Inc.*, 72 N. Y. S. 2d 918.)

It is significant that in the *Gross* case (*supra*) the court held that a provision in a lease granting the tenant the right to sublet was likewise projected into the statutory tenancy and was not inconsistent with the provisions of the Commercial Rent Law.

I do not believe that the Legislature in enacting the Commercial Rent Law intended merely to give to tenants the right to use and occupation at the fixed rental, without the accompanying rights and privileges as well as obligations which the parties had originally contracted for and had incorporated in their written agreement.

I hold that the option clause in the lease (which is not inconsistent with the provisions of the Commercial Rent Law) was projected into and became part of the statutory tenancy. The motion to consolidate is granted. Section 1426-a of the Civil Practice Act, which authorizes the consolidation of a '' proceeding '' with an '' action '' is particularly applicable to this situation. (See *Levy* v. *Van Dorn Hotel Corp.*, 60 N. Y. S. 2d 795, Supreme Court, Special Term, New York County.) Settle order on notice.