MARGARETA MONTES, Respondent, *v.* LONYA REALTY CORPORATION, Appellant.

First Department, February 3, 1953.

*Morris Berler* of counsel (*Lawrence J. Goldstein* with him on the brief; *Berler & Goldstein,* attorneys), for appellant.

*Harold Craske* of counsel (*Arthur A. Snyder,* attorney), for respondent.

*Per Curiam.* In summary proceedings to recover possession of real property appellant landlord obtained a final order against respondent. The order was set aside on appeal. In the interim, there being no stay, appellant evicted respondent. Hence this action to recover damages for the eviction.

The appeal is from a determination affirming the denial of appellant's motion to strike the action from the City Court jury calendar.

The lease between the parties contained a very broad provision for waiver of jury trial. Respondent claims that this action for damages is statutory, based solely upon section 1444 of the Civil Practice Act, and therefore the jury waiver in the lease does not apply.

Section 1444 provides, in part, that " The person dispossessed may also maintain an action to recover the damages which he has sustained by the dispossession.'' The section does not provide an exclusive remedy, but is merely declaratory of the common-law right of restitution. (*Golde Clothes Shop* v. *Loew's Buffalo Theatres,* 236 N. Y. 465, 472; *Haebler* v. *Myers,* 132 N. Y. 363, 366.)

In *Klipack* v. *Raymar Novelties* (273 App. Div. 54), the tenant making claim was a statutory tenant, and his causes of action were created exclusively by statute, namely, for wrongful eviction under the Commercial Rent Law, and for recovery of rents in excess of the statutory emergency rent. This respondent's right of action, on the other hand, depends upon a term granted by the lease expressly extending beyond the time of the eviction. In the *Klipack* case this court held that a waiver of jury trial provision does not apply to the enforcement of rights which do not find their origin in the written lease. The court said, at page 56: "In the present case the causes of action are those created entirely by statute. They in no way affect the conventional relationship of landlord and tenant. They exist not by virtue of such relationship but solely because of the statute itself.'' But here, respondent's cause of action exists only

because of the landlord and tenant relationship created by the lease. The court in the *Klipack* case made the distinction. "It is one thing to say that the waiver of trial by jury applies to all the terms and conditions of the expired lease which are carried over into the new statutory tenancy. It is altogether different to maintain that such a waiver applies to terms and conditions which do not find their origin in the written lease, which could not have been within the contemplation of the parties when the waiver agreement was made but which were later brought into being by statutory enactment." (P. 57.)

Since summary judgment in favor of respondent was granted below, and an assessment of damages by a jury resulted in a verdict in respondent's favor, the order appealed from should be reversed, the verdict set aside, and a new nonjury trial on the issue of damages granted, without costs.

PECK, P. J., CALLAHAN, VAN VOORHIS and BREITEL, JJ., concur.

Determination of the Appellate Term and the order of the City Court unanimously reversed and a new nonjury trial ordered. Settle order on notice.