ALEX STEPHENSON, Respondent, v. 30 FIFTH AVE., INC., Appellant.

First Department, May 8, 1956.

*George Popkin* for appellant.

*Francis O. Mayer* of counsel (*Elmer J. Hoare* with him on the brief; *Angulo, Cooney, Marsh & Ouchterloney,* attorneys), for respondent.

*Per Curiam.* This is an action by a tenant against a landlord for alleged overcharges. The action is predicated upon the emergency rent law.

The lease between the parties stipulated for the waiver of a jury trial in any action relating to " any matters whatsoever arising out, or in any way connected with this lease, the tenant's use and occupancy of said premises ". The question on this appeal is whether the waiver applies to the present action.

The Appellate Term held that it did not, relying on *Klipack* v. *Raymar Novelties* (273 App. Div. 54). In the *Klipack* case the lease antedated the enactment of the rent law and the court held that in stipulating for a waiver of a jury trial the parties could not have had in contemplation a cause of action based upon a subsequent statutory enactment. The lease in the present case was made long after the rent law went into effect. We think this difference is a substantial distinction from the *Klipack* case and warrants a different holding.

While the action is based upon the statute rather than upon the lease, the lease terms are an integral part of the cause of action and the factual issue is whether the rent reserved in the lease was excessive in the light of the rent law. This is certainly a cause of action connected with the lease and with the tenant's use and occupancy of the premises. It is fair to assume that in entering into the waiver the parties contemplated any cause of action arising out of an existing statute where the cause of action is connected with the lease and the tenant's use or occupancy of the premises.

This decision is not in conflict with the holding in *Victor Gloves* v. *45 East 30th St. Corp.,* (1 A D 2d 871). That was an action brought under the rent law to recover damages for wrongful eviction. While the lease in that case was made after the enactment of the rent law, the cause of action had no relation to the lease or to the tenant's occupancy of the premises. The cause of action there arose out of facts occurring after the termination of the lease and was based upon statutory provisions relating to post-occupancy action by the landlord and rights thereafter accruing to the tenant by virtue of the statute.

The determination appealed from should be reversed and the order of the City Court reinstated.

PECK, P. J., BREITEL, RABIN and COX, JJ., concur.

Determination unanimously reversed, with costs to the appellant in this court and in the Appellate Term, and the order of the City Court reinstated.