Louis Peck, J.
This motion is made by the landlord in a summary proceeding brought for nonpayment of rent of apartment, occupied by tenant, for months of January and February, 1958, for an order striking this cause from the Central Jury Calendar of this court upon the ground that the tenant has waived his right to a jury trial of the issues in this proceeding. The tenant is in possession of the apartment premises with which this proceeding is concerned pursuant to a written lease dated December 8, 1957, for a term of two years commencing *706 December 1, 1957 and terminating November 30, 1959. Paragraph 23 of the lease provides as follows: “It is mutually-agreed by and between Landlord and Tenant that the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, the Tenant’s use or occupancy of said premises, and/or any claim of injury or damage.”
The landlord, being the moving party herein, asserts that the lease provision is effective to bar the tenant from obtaining a jury trial of the issues in this action.
The tenant has interposed a written answer and pleads :
1. General denial;
2. Payment;
3. Counterclaim for rent overcharges;
4. Special defense of violations.
The tenant contends that in view of the fact that the counterclaim represents a cause of action for treble damages by reason of the landlord’s evasion of the rent laws and regulations controlling same, that “ the tenant is not permitted to waive any of his rights guaranteed thereunder.”
On the issue of whether the tenant’s right to trial by jury was waived by virtue of the provisions of the lease as above set forth, the court is concerned with the contention of the tenant that such right could not be waived by reason of the alleged violation of the rent laws by the landlord. There is no problem as far as this court is concerned with any of the other allegations presented by the tenant.
There can be no dispute that the right of trial by jury is an important right. Yet, it may be waived by agreement covering future litigation between the parties, so that a provision in a lease waiving a trial by jury in the event of any litigation between the landlord and tenant, is valid and binding and will bar a trial by jury in the litigation covered by the provision in the lease.
However, such a waiver will not apply to any actions brought under the emergency rent laws enacted after the date of the lease, to collect a penalty, imposed on the landlord by such laws for demanding and receiving more than the emergency rent. (Klipack v. Raymar Novelties, 273 App. Div. 54.)
However, inasmuch as the rent laws were enacted prior to the date of the lease herein and the parties hereto are chargeable with knowledge of the existence of same, this court is *707 constrained to rule that it was the intention of the parties in entering into the written lease dated December 8, 1957, to take cognizance of the provisions of said rent laws and accordingly the waiver of trial by jury in the lease encompasses and covers the counterclaim alleged by the tenant for rent overcharges. (Stephenson v. 30 Fifth Ave., 1 A D 2d 469.)
Accordingly, the motion to strike this cause from the Jury Calendar is granted and the clerk is directed to place this proceeding upon the Non jury Calendar for trial.