Martin Kraus, J.
This is an action on a check made by the plaintiff in the sum of $250 and dated November 1, 1957. On or about October 22, 1957, said check was presented to the defendant, a domestic banking corporation, for payment, and was inadvertently paid by defendant. Pursuant to the agreed statement of facts submitted to this court, the payment by defendant *959 or its agents was not willful, wanton or carried out with wrongful purpose or design to injure another.
Plaintiff demands reimbursement for the $250.
The defendant sets up an affirmative defense alleging that through its depositor’s contract with the plaintiff, defendant has limited its liability to the plaintiff and that the defendant is not therefore liable for payment through error, inadvertence, negligence or carelessness of postdated items.
From the agreed statement of facts submitted herein, it appears that on or about July 9, 1957, the plaintiff opened a checking account in the defendant bank and at the same time executed a bank account agreement and signature card, agreeing to the terms of a depositor’s contract on the obverse thereof. Said agreement entered into between plaintiff and defendant provides ‘ ‘ that the company will in no way be responsible or liable for: certification or payment through error, inadvertence, negligence or carelessness of postdated items”.
In addition, the depositor’s contract appearing on the obverse of the monthly statement sent by defendant to plaintiff, and duly acknowledged by plaintiff in the agreed statement of facts herein, provides as follows: ‘ ‘ The depositor agrees that this company will in no way be responsible or liable for certification or payment through error, inadvertence, negligence or carelessness of postdated items * * * or for delay in executing such requests ”.
The operation of the terms of the depositor’s contract appearing on the signature card and bank account agreement, and the depositor’s contract, appearing on the obverse of the monthly statement of account sent to plaintiff, expressly relieved defendant of liability for payment of postdated items.
The provision in the depositor’s contract, agreed to between the parties hereto, is unambiguous.
The Court of Appeals, in Gaita v. Windsor Bank (251 N. Y. 152, 154 — 155) held “ The common-law liability of a bank in regard to a specific transaction may be limited provided the limitation has the assent of the depositor. In such a situation the clearly-expressed intention of the parties will prevail and the rule of ‘ freedom of contract ’ will be enforced.”
In view of the foregoing, the complaint is dismissed and judgment is directed in favor of the defendant.