William C. Hecht, Jr., J.
Plaintiff, a depositor in defendant bank, ordered a stop payment on a check dated February 11, 1959 for $1,458. The bank refused to accept the stop order unless plaintiff signed its form, pursuant to which the depositor agrees that the bank “ will in no way be responsible or liable for * * * payment of the said instrument through error, *112 inadvertence, negligence or carelessness ”. The check was paid, concededly through inadvertence or negligence.
The Municipal Court granted plaintiff’s motion for summary judgment.
In paying out a depositor’s money on the basis of checks presented to it, a bank is held to absolute liability from which it cannot exculpate itself. (See, e.g., International Air Trading Co. v. Manufacturers Trust Co., 297 N. Y. 285, 290-292; Sundail Constr. Co. v. Liberty Bank, 277 N. Y. 137, 139-142; Wen Kroy Realty Co. v. Public Nat. Bank & Trust Co., 260 N. Y. 84.) The reason is that “ The relation existing between a bank and its depositor is that of debtor and creditor, and the bank holds the fund, subject to be paid out upon the direction of the creditor according to the terms and conditions imposed" by him. The bank’s protection in the payment of checks consists in the fact that it has followed strictly the depositor’s directions in disbursing his funds ”. (Sundail Constr. Co. v. Liberty Bank, supra, p. 141.)
No such rigorous rule applies in the situation not within the ordinary course of business, where a depositor seeks to stop payment on a check. “ The common-law liability of a bank in regard to a specific transaction may be limited provided the limitation has the assent of the depositor ” (Gaita v. Windsor Bank, 251 N. Y. 152, 154-155; italics supplied).
The court below was in error in holding that the exculpation clause was ineffectual. He reasoned that there was no ‘ ‘ freedom of contract ”, inasmuch as the depositor was required to sign the bank’s form before it would accept the stop-payment order.
But the Court of Appeals expressly held in the' Gaita case. (supra) that “ In such a situation the clearly-expressed intention of the parties will prevail and the rule of 1 freedom of contract ’ will be enforced ” (251 N. Y. 155). The court said:
“ The notice served on the bank by the?",plaintiff is clear and unambiguous. There can be no mistake in regard to its meaning. The plaintiff, in effect, notified the bank that' he had given a check which was valid but that he had changed his mind and did not want the check paid. He said, however, in effect, ‘ If you [the bank] do pay it through inadvertence, I will not hold you responsible ’. He had a legal right to serve such a notice qualifying the bank’s common-law liability, and when the bank paid the check, after receipt of such notice, it did not become legally liable to the drawer in the absence of evidence of willful disregard of the notice. " '
*113 “If a drawer desires to hold a bank to its common-law liability and impose upon it the absolute duty of stopping payment of a check, the notice served on the bank should be positive and unqualified. Then if the bank does not desire to assume the liability imposed by such a notice, it may cancel the account m%d terminate its relationship with the depositor.
“ On the other hand, if the drawer serves a qualified or limited notice like the one in question, the obligation of the bank is thereby limited, and it will not be liable to the drawer if the check is inadvertently paid.5 ’ (Italics supplied.)
The reason underlying this decision is clear. The depositor who changes his mind after issuing a check has set in motion the chain of circumstances which may result in an unintended payment. With the large volume of transactions in which the bank is involved in the ordinary course of business (collection of deposits and payment of checks), it may reasonably require the depositor, who upsets the normal routine because of his own mistake, to absolve it from liability except for willful disregard of the notice. If unwilling to accept this condition, the depositor is free to close his account, in which event, the check will not be paid. Though this may cause him inconvenience or embarrassment, it is the result of his own mistake.
Plaintiff seeks to distinguish the Gaita case on the ground that the notice there excused the bank only if it paid the check “through inadvertence or oversight ” while here the bank was excused for negligence as well. But the judgment in Gaita was reversed despite the fact that “ Thus far the plaintiff has succeeded upon the ground that the check was negligently paid by the bank ” (2511ST. Y. 154; italics supplied).
The judgment and orders should be reversed, with $10 costs, and motion for summary judgment denied.