Tony Mancuso, J.
This is a motion to remove a case from the Jury ’Calendar.
The complaint alleges that plaintiff and defendants entered into a written contract for the furnishing of materials and the performance of labor. The plaintiff is the contractor and the defendants are homeowners and the contract being of the typical home improvement variety. The plaintiff sues for breach of said contract and the defendants ’ answer alleges that the plaintiff induced the defendants to enter into the contract, stating that certain materials and work were necessary to repair and finish off the attic and other rooms in the defendants’ house. The answer also alleges that said materials and labor were to be furnished and performed at a reduced price of $2,750. Defendants also allege that said representations were false and fraudulent and known to the plaintiff to be false and fraudulent when made and that the defendants in reliance upon said fraudulent representations signed the said contract to their damage.
The complaint filed in this matter has a copy of the contract attached. The original was not filed. The contract is on a printed form containing over 40 lines of single-spaced terms in small print. On the 26th line of said single-spaced printed matter, which took me approximately 15 minutes of reading to find, is contained the following with no paragraph or indentation : “ The parties hereby waive a trial by jury and consent that any lawsuit which may arise in any way because of the execution of this agreement or because of a breach thereof or the failure to pay shall be tried by the court without a jury ’ ’.
The printed form of contract recites that only the defendant *717 James F. Champagne is a party but at the subscription apparently both James Champagne and Emily Champagne signed the instrument. This is indicated by the typed conformed copy of the alleged contract filed with the complaint, the court not having the benefit of any original.
It is settled law that parties may by contract and agreement waive trial by jury regarding future litigation between the parties. However, trial by jury in civil cases is an important right guaranteed by the New York Constitution and cannot be waived unless the intention of the parties is clearly expressed in the light of all the circumstances. Such a waiver, being in derogation of constitutional rights, must be strictly and precisely construed against one who submits such an instrument. The instant writing containing a clause waiving a jury trial buried in the 25th line of 40 lines in small print, single spaced, unparagraphed, in a case where fraud is alleged in the answer, can hardly be claimed to be an intentional abandonment of a known right or advantage to trial by jury. (R. J. Marshall, Inc. v. Turner Constr. Co., 207 Misc. 490, affd. 285 App. Div. 1164; see, also, Rappaport v. Elmorton Holding Corp., 167 Misc. 82; Frohlich & Hager v. Amalgamated Props., 181 Misc. 127, 128; James Talcott, Inc. v. Le Bou Slax, 194 Misc. 620; Klipack v. Raymar Novelties, 273 App. Div. 54.) (However, also, see, Montes v. Lonya Realty Corp., 281 App. Div. 238 and Ann. 73 ALR 2d 1334.)
For the reasons aforesaid the motion to strike the above action from the Jury Calendar is in all respects denied.