Per Curiam.

The terms set forth in the signature card executed by plaintiff depositor and the statements of account which are referred to therein constituted a valid contract between the said depositor and defendant bank (Krupp v. Franklin Sav. Bank, 255 App. Div. 15; Kalish v. Manufacturers Trust Co., 18 Misc 2d 958). Accordingly, the clause whereby both parties waive a jury trial must be given effect (Franklin Nat. Bank of L. Is. v. Capobianco, 25 A D 2d 445; Security Nat. Bank of L. Is. v. Estatio, 29 A D 2d 887; B onnie-Lassie Sportswear v. Century Factors, 283 App. Div. 702; Freeman v. *249 Island Discount Corp., 5 AD 2d 778). The printed matter on the signature card was sufficiently clear to apprise plaintiff of the said waiver (cf. Gardner & North Roofing & Siding Corp. v. Champagne, 55 Misc 2d 413, modfg. 48 Misc 2d 716). In our opinion, the agreement is neither unconscionable nor offensive to public policy which imposes no limitation or restriction on the freedom of contract between a bank and its depositors (Gaita v. Windsor Bank, 251 N. Y. 152; Seldowitz v. Manufacturers Trust Co., 34 Misc 2d 111; Isler v. National Park Bank, 239 N. Y. 462). Although the causes of action sound in tort, they arise from and are connected with the maintenance of the account so as to bring them within the ambit of the provision for jury waiver in “ any litigation in which the depositors (s) and the Trust Company shall be adverse parties.” (See Bonnie-Lassie Sportswear v. Century Factors, supra; Freeman v. Island Discount Corp., supra).
The order denying motion to transfer action to nonjury calendar should be unanimously reversed without costs, and motion granted.
Concur — Groat, P. J., Margett and Rinaldi, JJ.
Order reversed, etc.