■ Joy Javarone, Appellant, v St. Francis Hospital et al., Respondents.—In a medical malpractice action to recover damages for personal injuries, plaintiff appeals from two orders of the Supreme Court, Dutchess County, dated November 26, 1974 and November 27, 1974, respectively, the first granting summary judgment to defendant St. Francis Hospital and the second granting the same relief to the two individual defendants. Orders affirmed, without costs. We do not find a continuous course of treatment in this case. Special Term properly found that the action was barred by the Statute of Limitations since the accrual date of the cause of action asserted was determined by plaintiff's discovery of negligence with respect to a foreign object in the body *(Flanagan v Mount Eden Gen. Hosp.,* 24 NY2d 427; cf. *Murphy v St. Charles Hosp.,* 35 AD2d 64). Gulotta, P. J., Rabin, Martuscello, Latham and Shapiro, JJ., concur.

■ Christine Kane et al., Appellants, v Erhard H. Kraft et al., Defendants, and Transport of New Jersey, Respondent.—In a negligence action to recover damages for property and personal injuries, plaintiffs appeal from an order of the Supreme Court, Queens County, entered November 26, 1974, which denied their motion for summary judgment against defendant Transport of New Jersey. Order affirmed, with $20 costs and disbursements. Special Term appropriately denied the motion. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.

■ Aaron Kemp et al., Appellants, v 220 Northeast Bay Realty Corp. et al., Defendants, and George B. Thompson, Respondent.—Order of the Supreme Court, Queens County, entered April 25, 1975, affirmed, without costs, no brief having been filed by respondent. Special Term correctly held that plaintiffs' motion for summary judgment should be denied without prejudice to an application by them for leave to amend the complaint. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.

■ Donna Kneller, Appellant-Respondent, v Alan Kneller, Respondent-Appellant.—In a matrimonial action, the parties cross-appeal from a judgment of the Supreme Court, Suffolk County, entered October 7, 1974, which, *inter alia,* dismissed reciprocal causes of action for divorce. Judgment affirmed, without costs. Neither party established a cause of action by credible proof. Gulotta, P. J., Rabin, Martuscello, Latham and Shapiro, JJ., concur.

■ Massry Importing Co., Ltd., Appellant, v Security National Bank, Respondent.—Order of the Supreme Court, Nassau County, dated April 18, 1975, which granted defendant's motion to strike plaintiff's demand for a jury trial, affirmed, without costs. The litigation between the parties was clearly within the language, waiving a jury trial, contained in the agreements under which the bank account of plaintiff was opened (cf. *David v Manufacturers Hanover Trust Co.,* 59 Misc 2d 248). Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.

■ Gaetano Minervino, Appellant, v City of New York, Respondent, et al., Defendant.—Judgment of the Supreme Court, Kings County, dated May 23, 1973, affirmed insofar as appealed from, without costs. The absence of the stop sign at the intersection was immaterial, since plaintiff testified that he stopped and looked *(Applebee v State of New York,* 308 NY 502). Gulotta, P. J., Rabin, Martuscello, Latham and Shapiro, JJ., concur.