■ MALCOM C. MCISAAC, M.D., P.C., Respondent, v BANK OF NEW YORK, Appellant.—Order and judgment unanimously reversed, with costs, defendant's motion granted, and complaint dismissed. Memorandum: In awarding plaintiff summary judgment, Special Term erroneously found that "It was necessary for the drawee bank to demonstrate, to lay bare its proof that recovery by plaintiff on the check would constitute unjust enrichment." The record adequately discloses sufficient proof to deny plaintiff's motion for summary judgment. A drawee bank stands in a debtor-creditor relationship to its customer and may make payment on checks drawn against its

customer's account only as directed by the drawer *(Tonelli v Chase Manhattan Bank, N. A.,* 41 NY2d 667). However, a drawer may be precluded from recovering on an improperly paid check where the proceeds of the check actually reached the person intended to receive them *(Sundail Constr. Co. v Liberty Bank of Buffalo,* 277 NY 137, 142; *Lynch v First Nat. Bank of Jersey City,* 107 NY 179, 184; *Gotham-Vladimir Adv. v First Nat. City Bank,* 27 AD2d 190). Plaintiff's check dated July 21, 1978, payable to the order of Optical Associates Sales, Inc., was mailed that date to the payee with an order for a surgical camera. The check and order were received; however, the check was indorsed "Opthalmic Instrument Sales, Inc." The record demonstrates that the two corporations comprise virtually one entity, both engaged in one business, at the same location, owned and operated by the same people utilizing joint Yellow Page advertising and telephone listing. Plaintiff acknowledged receipt of a letter from Optical Associates informing him that the order had been received and was being filled. Eventually, plaintiff was informed that due to "financial embarrassment" the order could not be filled. In our opinion, the proof adduced by defendant bank is sufficient to establish that Optical Associates Sales, Inc., and Opthalmic Instrument Sales, Inc., were a combined operation. This was known to the plaintiff. A prior check of the plaintiff dated March 9, 1978, payable to Optical Associates Sales, Inc., was similarly indorsed by Opthalmic Instrument Sales, Inc., on a previous transaction. A depositor is under a duty to his bank to examine canceled checks and statements received from the bank and to notify the bank promptly of any irregularities in the account *(Arrow Bldrs. Supply Corp. v Royal Nat. Bank of N. Y.,* 21 NY2d 428, 432). Plaintiff received his account statement and the canceled check forwarded to Optical Associates Sales, Inc., on or about August 6, 1978 and made no objection until February 16, 1979. The bank sufficiently established that the plaintiff failed to comply with the duty of promptness imposed upon its customer as to deny summary judgment (Uniform Commercial Code, § 4-406). The facts reveal that any loss suffered by the plaintiff is not due to any wrongful act on the part of the bank. On the contrary, any loss is due to the insolvency of the payee. The proceeds of the check did in fact reach the entity intended which precludes the drawee from recovering against the bank *(Bank Leumi Trust Co. of N. Y. v Marine Midland Bank,* 93 Misc 2d 41). Accordingly, defendant's cross motion for summary judgment dismissing plaintiff's complaint is, on our review of the record, granted *(Gerhard v Chemical Bank N. Y. Trust Co.,* 38 Misc 2d 526; Uniform Commercial Code, § 4-406, subd [2], par [b]). (Appeal from order and judgment of Erie Supreme Court—summary judgment.) Present—Simons, J. P., Schnepp, Callahan, Witmer and Moule, JJ.