(May 27, 1980)

█ BRIAN WALLACH AGENCY, INC., Respondent, v BANK OF NEW YORK, Appellant, et al., Defendant. (Action No. 1.) BRIAN WALLACH AGENCY, INC., Plaintiff, v ROBERT J. BROWN, Defendant. (Action No. 2.)—Appeals by defendant Bank of New York (1) as limited by its brief, from so much of an order of the Supreme Court, Westchester County, dated March 27, 1979, as denied its motion to strike plaintiff's jury demand in the above-captioned actions which have been ordered to be jointly tried, and (2) from a further order of the same court, dated July 2, 1979, which denied its motion for leave to renew plaintiff's previous motion for a joint trial, which had been granted by order dated November 10, 1978. Order dated March 27, 1979 modified by adding thereto, immediately after the provision denying the bank's motion to vacate the jury demand, the following: "except that the jury demand in Action No. 1 is stricken." As so modified, said order affirmed insofar as appealed from, without costs or disbursements. Order dated July

2, 1979 reversed, on the law, without costs or disbursements, motion to renew granted and, upon renewal, order dated November 10, 1978 vacated, plaintiff's motion for a joint trial is denied, and separate trials are ordered. In April, 1977 plaintiff brought Action No. 1 against the Bank of New York and Barbara Campbell alleging gross negligence and commercial bad faith against the former in paying checks drawn on plaintiff's account on the forged instrument of Campbell, plaintiff's erstwhile bookkeeper, against whom a cause of action for conversion was stated. Later that month, plaintiff commenced Action No. 2 against its former accountant, alleging professional malpractice for his failure properly to audit and reconcile plaintiff's checking account. In October, 1978 plaintiff moved for a joint trial of both actions and the motion was granted because defendants had failed to show that any prejudice would result from the grant. No appeal was taken from this order. When the note of issue was filed in February, 1979, plaintiff demanded a jury trial of both actions. The bank promptly moved to vacate the jury demand on a ground not previously raised on the motion for a joint trial, namely, that plaintiff had consented to a waiver of jury in writing when it opened its checking account with the bank. Trial Term denied the motion, stating: "Whatever the bona fides of the purported contractual jury waiver, it is apparent that plaintiff has not waived its right to a jury trial in Action #2. Since these actions have been ordered tried jointly, it follows that plaintiff is entitled to a jury in the joint trial." We disagree with this conclusion. Although the validity of the jury waiver clause has not been passed upon previously, the evidence presently before us indicates that the waiver was valid. The corporate resolution (on a bank-supplied form) submitted by the plaintiff to the bank upon the opening of plaintiff's checking account contained, *inter alia,* a waiver of jury trial. Plaintiff's president, who is blind, argues that the waiver provision was not discussed at the corporate meeting and, further, that when he executed the signature card, which acknowledged receipt of, and consent to, the agreement with the defendant bank's predecessor, he was alone in his office and signed the card at the instance of a bank representative. He further states that he did not know of the consent terms on the card and that he did not receive a copy of the depositor's contract. Nevertheless, when the corporate resolution was adopted, plaintiff acted upon the advice of various of its directors, one of whom was an attorney at law, and we note that the corporate secretary was also required to execute the signature card. Furthermore, as the Court of Appeals stated in *Pimpinello v Swift & Co.* (253 NY 159, 162-163): "If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him." In the totality, then, of these circumstances, the waiver of jury trial provision contained in the bank deposit agreement was valid and enforceable (see, e.g., *Massry Importing Co. v Security Nat. Bank,* 49 AD2d 750; *David v Manufacturers Hanover Trust Co.,* 59 Misc 2d 248; cf. *Security Nat. Bank of Long Is. v Estatio,* 29 AD2d 887). The validity of plaintiff's waiver of jury trial having been established with respect to Action No. 1, it follows that plaintiff's jury demand must be stricken at least as regards that action. Since Special Term had ordered a joint trial and not a consolidation (see CPLR 602, subd [a]), each action maintained its individuality (see *Pigott v Field,* 10 AD2d 99) with separate verdicts to be returned in each (see *Sorrentino v First Nat. City Bank,* 40 AD2d 820; *Padilla v Greyhound Lines,* 29 AD2d 495; *Vidal v Sheffield Farms Co.,* 208 Misc 438). Consequently, it is possible for a simultaneous trial to be held in which one action could be tried by the court with the other going to

the jury (see, e.g., *Inspiration Enterprises v Inland Credit Corp.,* 57 AD2d 800). Unfortunately, such a trial would likely create numerous problems relative to the binding effect of testimony and require numerous instructions to the jury relative to that effect. The prospect of prejudice is thus significant. We believe, moreover, that Special Term should have granted the bank's motion for leave to renew. The renewal motion placed a new material fact before the court, namely, the execution of a jury waiver in one of the actions. Therefore, the motion was improperly treated as one for reargument and erroneously denied as being untimely. Although the waiver issue could have been raised on the original motion for a joint trial, the circumstances indicate that the bank's failure to do so may fairly be said to have resulted from excusable mistake or inadvertence (see *Foley v Roche,* 68 AD2d 558). Special Term's denial of the motion for leave to renew therefore was improvident (see *Matter of Hooker v Town Bd. of Town of Guilderland,* 60 AD2d 684; *Prude v County of Erie,* 47 AD2d 111). Accordingly, the motion for leave to renew is granted and, upon renewal, separate trials in each of the actions are ordered. Damiani, J. P., Lazer, Gibbons and Martuscello, JJ., concur.