OPINION OF THE COURT
John S. Lockman, J.
Upon the foregoing papers it is ordered that this motion by defendant Hempstead Bank to dismiss the first cause of action upon the ground that it is barred by the applicable Statute of Limitations is granted. (CPLR 3211, subd [a], par 5.)
In November of 1977, plaintiff opened a checking account with defendant bank in the name of Linda Mesnick Agency. During the next 18 months or so a total of approximately $60,000 was deposited into the account and paid out by checks. The account was closed on May 9, 1979. Plaintiff contends that the signatures upon the checks were not hers but unauthorized forgeries by the individual defendants. Plaintiff also alleges the existence of a “conspiracy on the part of the defendant, Hempstead Bank, and/or its agents or employees, to defraud the plaintiff.” The defendant bank *625 contends that the plaintiff’s claim against it is barred by the Statute of Limitations contained in subdivision (4) of section 4-406 of the Uniform Commercial Code which provides : “Without regard to care or lack of care of either the customer or the bank sc customer who does not within one year from the time the statement and items are made available to the customer * * * discover and report his unauthorized signature * * * is precluded from asserting against the bank such unauthorized signature”. Defendant through an affidavit from one of its officers avers that monthly statements containing canceled checks were sent to plaintiff and that the last such statement was mailed on or about June 4, 1979, more than one year before commencement of this action in July of 1980.
Plaintiff has offered the court only the hearsay affirmation of counsel in opposition to the application. Counsel contends that the statements and canceled checks were not received by plaintiff but were sent to “the individual defendants at their addresses”. This unsubstantiated hearsay statement flies in the face of common experience and is insufficient to contradict the sworn allegation offered by defendant that: “Monthly statements are mailed to the customer at the address indicated on the face of the statement” (Lorentz v Lezette, 28 AD2d 954). Plaintiff perhaps meant to argue that the statements were mailed to her address and intercepted by the individual defendants, one of whom is her husband, so that they never came to her attention. While this is a more plausible contention, even if true it would not prevent defendant from invoking subdivision (4) of section 4-406 of the Uniform Commercial Code.
At common law a depositor had the duty to examine drafts and other records furnished him by the bank and to report forgeries within a reasonable time. (Critten v Chemical Nat. Bank, 171 NY 219.) The rationale underlying this rule was that although the depositor was not better able than the bank to discover isolated forgeries, he was in a better position to uncover a pattern of forgery by a trusted employee, friend or relative. (Critten v Chemical Nat. Bank, supra.) This rule was incorporated into the Uniform Commercial Code as section 4-406 and the one-year Statute of Limitations in subdivision (4) of that section which is *626 here at issue. To discharge this duty a depositor must necessarily obtain possession of the bank statements and scrutinize them or bear the losses which flow from his unreasonable lack of concern. Thus, in Kiernan v Union Bank (18 UCC Rep Serv 1026), the California Court of Appeals for the First District dismissed a claim brought more than one year after mailing of the statement even though the bank statement was received by the very employee responsible for the forgeries who concealed it. The court held: “[I]t is unnecessary to determine the date on which appellants received the bank statement; the statute begins to run from the date the statement is made available to the customer, i.e., the date on which the statement is mailed by the bank to the customer. (§ 4406, subds (1), (4); § 1201, subd (38).) Respondent’s affidavits are uncontradicted [as to the date of mailing].” (Kiernan v Union Bank, supra, at p 1029; see, also, Dollar Fed. Sav. & Loan Assn. of Malverne v Franklin Nat. Bank, 18 UCC Rep Serv 757.)
The motion to dismiss is granted. However, since the application and supporting affidavits did not address plaintiff’s allegation of a conspiracy to defraud involving the bank or its employees and agents, plaintiff, if she is so advised, may replead as to this claim. Additionally, plaintiff has discussed in the opposing affidavit certain checks as to which the defendant was the collecting bank rather than bank upon which the checks were drawn. While the allegations with regard to these checks are irrelevant to the cause of action here challenged, they perhaps might form the basis of a claim upon a different theory. (See Board of Higher Educ. v Bankers Trust Co., 86 Misc 2d 580; but see McIsaac v Bank of New York, 74 AD2d 717, 718 [“The proceeds of the check did in fact reach the entity intended which precludes the drawee from recovering against the bank”].)