■ ROBERT W. WILLIAMS et al., Appellants, v UPJOHN HEALTH CARE SERVICES, INC., et al., Defendants, and CITIBANK, N.A., et al., Respondents.—In an action, inter alia, to recover damages for fraud, the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Burke, J.), dated November 4, 1983, denying their motion for a protective order striking Manufacturers Hanover Trust Company's interrogatories, (2) from an order of the same court (Balletta, J.), dated November 21, 1983, granting Manufacturers Hanover Trust Company's motion, inter alia, for an extension of time to answer, (3) as limited by their brief, from so much of an order of the same court (Roncallo, J.), dated December 13, 1983, as dismissed the action insofar as it is asserted against the defendants Bankers Trust Company and Citibank, N.A., (4) as limited by their brief, from so much of a judgment of the same court (Roncallo, J.), entered February 9, 1984, as was in favor of Bankers Trust Company and Citibank, N.A., and against the plaintiffs, (5) from an order of the same court (Becker, J.), dated April 12, 1984, which granted the defendant Chemical Bank's motion to dismiss the action insofar as it is asserted against it, and (6) from a judgment of the same court (Pantano, J.), entered July 25, 1984, which dismissed the action insofar as it is asserted against Manufacturers Hanover Trust Company.

Appeals from the orders dated November 4, 1983, November 21, 1983, and December 13, 1983, dismissed (see, Matter of Aho, 39 NY2d 241, 248).

Order dated April 12, 1984, and judgment entered July 25, 1984, affirmed, and judgment entered February 9, 1984, affirmed insofar as appealed from.

The respondents are awarded one bill of costs.

In August 1979 the plaintiff Robert Williams contacted the defendant Upjohn Health Care Services, Inc., a subsidiary of the defendant Upjohn Company, Inc., for the purpose of obtaining nursing services for his mother. An agreement was reached between Upjohn Health Care Services, Inc., and Mr. Williams. Pursuant thereto, nursing services were provided until 1981. Mr. Williams contends that in 1983, he discovered that Upjohn Health Care Services, Inc., had not, in fact, provided the nursing services contracted for, but that a local franchisee, the defendant Homemakers Inc. of Long Island, (hereinafter Homemakers), had provided the services. According to Mr. Williams, he originally sought out Upjohn Company, Inc. and its subsidiary because of Upjohn Company, Inc.'s "big drug company" reputation for quality and service and willingly paid twice the rate he would have paid for the services of a local health care provider such as Homemakers. It is the plaintiffs' contention that the defendant Upjohn Health Care Services, Inc., and others, actively engaged in a "conspiracy" to conceal from him the fact that Homemakers, not Upjohn Health Care Services, Inc., was actually providing the nursing services. In addition to the causes of action alleged against the aforenoted corporations, the plaintiffs also alleged causes of action against five banking institutions, i.e., the respondent Manufacturers Hanover Trust, Citibank, N.A., Chemical Bank, and Bankers Trust Company and the defendant Hempstead Bank.

According to the plaintiffs, the bank defendants conspired with the nonbank defendants to defraud the plaintiffs and to conceal the fact that the nursing services were provided not by Upjohn Company, Inc., and its subsidiary, but by Homemakers. The principal factual averment supporting the "conspiracy" claim is that, by accepting for deposit certain checks made payable to "Upjohn, Inc." but actually bearing the indorsement "Upjohn Health Care Services Homemakers Inc. of Long Island", the bank defendants intentionally assisted the nonbank defendants in concealing the true facts from the plaintiffs and participated in the fraud. Shortly after the plaintiffs commenced the instant action, the respondents sought dismissal of the action, insofar as it is asserted against them, principally on the ground that the allegations in the complaint and amendments thereto were entirely conclusory

in violation of CPLR 3016 (b) governing the pleading of a cause of action sounding in fraud, and that the plaintiffs, in any event, failed to state a cause of action. That relief was granted and the plaintiffs now appeal. We affirm.

It has been observed that "[t]o plead a prima facie case of fraud the plaintiff must allege representation of a material existing fact, falsity, scienter, deception and injury. *(Reno v Bull,* 226 NY 546, 550.)* In addition, each of these essential elements must be supported by factual allegations sufficient to satisfy the requirement of CPLR 3016 (subd [b]) that 'the circumstances constituting the wrong shall be stated in detail' when a cause of action based upon fraud or breach of trust is alleged. CPLR 3016 (subd [b]) imposes a more stringent standard of pleading than the generally applicable 'notice of the transaction' rule of CPLR 3013, and complaints based on fraud or breach of trust which fail in whole or in part to meet this special test of factual pleading have consistently been dismissed" *(Lanzi v Brooks,* 54 AD2d 1057, 1058, *affd* 43 NY2d 778). Reviewing the plaintiffs' pleadings in light of the foregoing, we conclude that the dictates of CPLR 3016 (b) were not complied with. Other than the vacuous contention that the respondents fraudulently conspired to conceal the relationship between Upjohn Health Care Services, Inc., and Homemakers by accepting certain checks, the plaintiffs' complaint fails to set forth allegations suggesting why a bank accepting a check for deposit would possess knowledge that an endorsee was providing health care services to the drawer's mother in alleged violation of an agreement between the drawer and the payee. Moreover, the plaintiffs failed to particularly allege an intent to defraud or the existence of a relationship giving rise to a duty to disclose *(see, Peoples Bank v Bogart,* 81 NY 101, 107; *Fidenas AG. v Honeywell, Inc.,* 501 F Supp 1029, 1039; 24 NY Jur, Fraud and Deceit, § 106, at 159) and, aside from the contention that certain checks were accepted for deposit, failed to allege facts detailing the manner by which the alleged fraudulent concealment was perpetrated by the respondents. More fundamentally, and apart from the failure to comply with the mandate of CPLR 3016 (b), there are conspicuously absent from both the complaint and the amendments thereto, allegations which in any sense establish a viable causal connection between the alleged conduct of the respondents and the injury allegedly suffered by the plaintiffs. Even assuming, arguendo, that the respondents accepted checks upon improper indorsements, it does not follow, except upon specific allegations establishing as much, that said acceptances

are indicative of an involvement in a conspiracy with the other defendants to commit fraud of the nature herein alleged. Further, it is notable that the entity actually providing the nursing services, the defendant Homemakers, did, in fact, receive the plaintiffs' payment therefor even though "Upjohn or Upjohn Inc." was named as payee *(cf. Malcolm C. McIsaac, M.D., P. C. v Bank of N. Y.,* 74 AD2d 717, 718; UCC 3-203). The legal theory framed by the allegations set forth in the plaintiffs' pleadings disclose that the damages incurred, if any, are attributable to the alleged fraud by Upjohn Company, Inc., and its subsidiary, and not to the acceptance of checks by the respondents. Mollen, P. J., Weinstein, Rubin and Spatt, JJ., concur.