■ ABDUL MATIN, Appellant, v CHASE MANHATTAN BANK, Respondent. [781 NYS2d 158]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated February 24, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff alleges that in December 1999 he returned from a lengthy trip abroad and discovered that an unknown person had used forged checks to empty his account at the defendant, Chase Manhattan Bank (hereinafter the bank). He also alleges that the person forged a change of address card which caused the bank to send the monthly statements to a different address. Upon returning to the United States, the plaintiff demanded that the bank reimburse him for his losses, and when the bank refused, he instituted this action to recover his damages. The bank moved for summary judgment based upon UCC 4-406 (4), claiming that it sent the statements to the plaintiff or made them available to him, and that he did not inform the bank of the forged signatures until more than one year after the issuance of the statements.

The Uniform Commercial Code (hereinafter UCC) makes a bank strictly liable for any item which it charges against a customer's account that is not properly payable (*see* UCC 4-401; *Monreal v Fleet Bank,* 95 NY2d 204, 207 [2000]). However, the UCC also imposes certain duties upon the customer to limit the bank's exposure to liability. Without regard to the care or lack of care of either the bank or the customer, if a customer does not discover a forged signature and report it to the bank within one year, then the customer is precluded from asserting any claims against the bank based upon the forged signature (*see* UCC 4-406 [4]; *Putnam Rolling Ladder Co. v Manufacturers Hanover Trust Co.,* 74 NY2d 340, 345 [1989]). The one-year period begins to run "[w]hen a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries or holds the statement and items pursuant to a request or instructions of its customer or otherwise in a reasonable manner makes the statement and items available to the customer" (UCC 4-406 [1]; *see Woods v MONY Legacy Life Ins. Co.,* 84 NY2d 280, 285-286 [1994]).

As the proponent of the motion for summary judgment, the bank bore the initial burden of establishing its entitlement to the relief requested and that there was no triable issue of fact (*see Monreal v Fleet Bank, supra; Mansi v Gaines,* 216 AD2d 536, 538 [1995]). The bank failed to meet this burden. When a customer requests that a bank mail the statements either to himself or to another person, and the bank complies, the statements are considered "made available to the customer" for the purposes of the UCC (*Mesnick v Hempstead Bank,* 106 Misc 2d 624, 626 [1980]; *Jensen v Essexbank,* 396 Mass 65, 483 NE2d 821 [1985]; *Borowski v Firstar Bank Milwaukee, N.A.,* 217 Wis 2d 565, 579 NW2d 247 [1998]; *Terry v Puget Sound Natl. Bank,*

80 Wash 2d 157, 492 P2d 534 [1972]; *Brown v Cash Mgt. Trust of Am.*, 963 F Supp 504 [D Md 1997]). However, the plaintiff alleged that the statements were not mailed to him or to a person to whom he directed because the bank sent the statements to the address on a forged change of address card. The bank did not contest that the statements were sent to the address on the forged change of address card rather than his actual address. These allegations were sufficient to raise a question of fact as to whether the statements were made available to the plaintiff under UCC 4-406 (1) (*see Woods v MONY Legacy Life Ins. Co.*, *supra* at 286). Therefore, the bank failed to meet its initial burden.

The bank's reliance upon its account agreement with the plaintiff is also unavailing. The agreement required that the plaintiff promptly and carefully examine the bank statements regarding the accounts, and notify the bank of any discrepancies regarding the statements. However, this duty arose "[u]pon receipt of your monthly or periodic statement," and began to run when the statement was mailed or made available to the plaintiff. Since there is a question of fact as to whether the statement was mailed or made available to the plaintiff because of the alleged forged change of address card, the motion for summary judgment should have been denied (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Smith, J.P., Krausman, Crane and Spolzino, JJ., concur.