■ ESTATE OF MARIE MERNA, Deceased, Respondent, v VALERIE T. SIMURO, Defendant, and JPMORGAN CHASE BANK, N.A., Appellant. [855 NYS2d 272]—In an action to recover damages for moneys paid out on allegedly forged checks drawn on the plaintiff's account, the defendant JPMorgan Chase Bank, N.A., appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated April 5,

2007, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss so much of the complaint as sought to recover against it damages for moneys paid out on certain checks, and (2) so much of an order of the same court entered June 20, 2007, as, in effect, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated April 5, 2007 is dismissed, as that order was superseded by the order entered June 20, 2007, made upon reargument; and it is further,

Ordered that the order entered June 20, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appellant contends that the Supreme Court should have dismissed so much of the complaint as sought to recover damages against it for moneys paid out on certain allegedly forged checks. With respect to the checks at issue, the appellant contends that it did not receive timely notice of the alleged forgeries as required by UCC 4-406 (4) and by the plaintiff's account agreement. Accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference (*see generally Pellarin v Moon Bay Dev. Corp.*, 29 AD3d 553, 554 [2006]), the appellant's motion was properly denied (*see Robinson Motor Xpress, Inc. v HSBC Bank, USA*, 37 AD3d 117 [2006]; *Matin v Chase Manhattan Bank*, 10 AD3d 447 [2004]).

The appellant's contention regarding that branch of its motion which was to strike the plaintiff's demand for a jury trial is not properly before this Court, as that branch of the motion remains pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

The appellant's remaining contentions are without merit. Miller, J.P., Covello, Belen and Chambers, JJ., concur.