■ ESTATE OF MARIE MERNA, Respondent, v VALERIE T. SIMURO, Defendant, and JPMORGAN CHASE BANK, N.A., Appellant. [904 NYS2d 197]—

In an action to recover damages for moneys paid out on forged checks drawn on the plaintiff's account, the defendant JPMorgan Chase Bank, N.A., appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated September 15, 2009, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it or, in the alternative, to strike the plaintiff's demand for a jury trial.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant JPMorgan Chase Bank, N.A., which was to strike the plaintiff's demand for a jury trial and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant JPMorgan Chase Bank, N.A. (hereinafter the bank), contends that the plaintiff is precluded from asserting her claim against it to recover amounts improperly paid from her account because she failed to discover and report the forged

instruments to the bank within the one-year time limit provided in UCC 4-406 (4). As the proponent of the motion for summary judgment, the bank was required to make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Matin v Chase Manhattan Bank*, 10 AD3d 447, 448 [2004]). The bank failed to meet this burden, as the evidence it submitted was insufficient to eliminate any triable issues of fact as to whether the relevant account statements were "made available" to the plaintiff before January 5, 2005, the date on which she discovered the forgeries (UCC 4-406 [4]; *see Matin v Chase Manhattan Bank*, 10 AD3d at 448-449; *Robinson Motor Xpress, Inc. v HSBC Bank, USA*, 37 AD3d 117 [2006]).

The bank also failed to eliminate any triable issues of fact as to whether the plaintiff authorized the mailing of account statements to the address on record with the bank, and whether the account statements were "made available" to the plaintiff under the 60-day notice provision in the terms and conditions of the account agreement (*see Matin v Chase Manhattan Bank*, 10 AD3d at 449; *Robinson Motor Xpress, Inc. v HSBC Bank, USA*, 37 AD3d at 119-120). Accordingly, the Supreme Court properly rejected the bank's contention that the plaintiff's claims were time-barred under the UCC and the account agreement.

However, the Supreme Court improperly denied that branch of the bank's motion which was to strike the plaintiff's demand for a jury trial (*see generally Brian Wallach Agency v Bank of N.Y.*, 75 AD2d 878 [1980]; *Massry Importing Co. v Security Natl. Bank*, 49 AD2d 750 [1975]; *David v Manufacturers Hanover Trust Co.*, 59 Misc 2d 248 [1969]).

The bank's remaining contentions are without merit. Dillon, J.P., Covello, Angiolillo and Sgroi, JJ., concur. [**Prior Case History: 2009 NY Slip Op 32189(U).**]